**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SIERRA SAMBOLIN individually and on behalf of all others similarly situated, | Case No. 22-cv-_____ |
| Plaintiff, | Judge _____ |
| v. | Magistrate _____ |
| ETHOS VETERINARY HEALTH, LLC dba PREMIER VETERINARY GROUP, | |
| Defendant, | |
| CUBEX, LLC, | |
| Respondent in Discovery | |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332 and 1441, Defendant Ethos Veterinary Health, LLC, hereby removes this action from the Circuit Court of Cook County to the United States District Court for the Northern District of Illinois, on the following grounds:

### I. INTRODUCTION

1.     This Court has jurisdiction over this action based on the diversity between Plaintiff Sierra Sambolin ("Plaintiff") and Ethos Veterinary Health, LLC.

2.     Plaintiff is a citizen of the State of Illinois, and was a citizen at the time of the filing of her Complaint.

3.     Ethos Veterinary Health, LLC, is now, and was at the time this action was filed, a citizen of the State of Massachusetts and a citizen of the State of Delaware within the meaning of 28 U.S.C. section 1332(d)(10). *See* the attached Declaration of David R. Holcomb ("Holcomb Decl."), Exhibit B.

4.     At all material times, Ethos Veterinary Health, LLC, has been a single- member

limited liability company. The sole member of Ethos Veterinary Health, LLC, is VIPW, LLC. Ex. B, Holcomb Decl. at ¶ 4.

5.     At all material times, VIPW, LLC, was a limited liability company under the laws of the State of Delaware, and at all material times VIPW, LLC, has maintained its principal place of business, including its corporate headquarters, in the State of Massachusetts.  Ex. B, Holcomb Decl. at ¶¶ 5-6.

6.     Plaintiff's Complaint, on its face, contemplates a matter in controversy that exceeds the sum or value of $5,000,000, exclusive of interest and costs.

7.     This Court, therefore, has diversity jurisdiction over this action because it meets the requirements under the Class Action Fairness Act ("CAFA"). Plaintiff's Complaint alleges claims on behalf of a class of "[a]ll residents of the State of Illinois who had their fingerprints collected, captured, received, otherwise obtained, or disclosed by Defendant while in Illinois." (Ex. A at ¶38).  The Defendant, a Massachusetts citizen, is minimally diverse.

8.     The "matter in controversy" aggregated across all the purported class members' claims, of which there could be more than 100, satisfies CAFA because the matter in controversy "exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2).

9.     Pursuant to 28 U.S.C. section 1446(b), this case is being removed within thirty (30) days of Ethos Veterinary Health, LLC's receipt of a document (the "Complaint") where diversity of citizenship is apparent and CAFA jurisdiction is established.[1]

## II.     THE STATE COURT ACTION

10.     On or about May 19, 2022, Plaintiff filed an action against Ethos Veterinary Health, LLC titled "*SIERRA SAMBOLIN individually and on behalf of all others similarly situated, Plaintiff v. ETHOS VETERINARY HEALTH, LLC dba PREMIER VETERINARY*

---

[1] Although Ethos contends that it has not yet been formally served with the summons and complaint, in an abundance of caution, Ethos is removing this matter within 30 days of the date on which Plaintiff mailed the summons and complaint to Defendant (May 23, 2022). ***See* Ex. A, pgs. 1 and 18.**

GROUP, *Defendant, Cubex, LLC, Respondent in Discovery,*" in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, Case No. 2022CH04832 (the "State Court Action").

11.     True and correct copies of the Summons, Complaint, Notice and Acknowledgment of Receipt, Motion for Class Certification, and Notice of Motion are attached hereto as **Exhibit A.**

12.     In her Complaint, Plaintiff alleges one cause of action: Violation of 740 ILCS 14/1 (the Biometric Information Privacy Act or "BIPA").

13.     The Summons, Complaint, Notice and Acknowledgment of Receipt, Motion for Class Certification, and Notice of Motion constitute the pleadings, process, and orders served upon or by Ethos Veterinary Health, LLC in the State Court Action.

### III.     THIS MATTER MEETS THE REQUIREMENTS FOR JURISDICTION UNDER CAFA, U.S.C. § 1332(d)(2)

14.     CAFA provides an independent basis for this Court's jurisdiction. This matter is a "class action" under CAFA because a "class action" for purposes of CAFA is defined as "any civil action filed in a district court of the United States under Rule 23 of the Federal Rules of Civil Procedure or any civil action that is removed to a district court of the United States that was originally filed under a State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

15.     Plaintiff's Complaint alleges claims on behalf of a class of "[a]ll residents of the State of Illinois who had their fingerprints collected, captured, received, otherwise obtained, or disclosed by Defendant while in Illinois." (Ex. A at ¶38). Therefore, this action is properly considered a "class action" under CAFA.

16.     CAFA's minimal diversity requirement is also satisfied. Plaintiff is a citizen of Illinois. (Ex. A at ¶8). For purposes of CAFA, Ethos Veterinary Health, LLC, is deemed to a citizen of Massachusetts because that is the state "where it has its principal place of business" and a citizen of Delaware because that is the state "under whose laws it is organized." 28 U.S.C. § 1332(d)(10); Ex. B, Holcomb Decl. at ¶¶ 4-6. CAFA provides that "an unincorporated

association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. §1332 (d)(10); *see Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698, 699-700 (4th Cir. 2010) (an LLC is an "unincorporated association" as that term is used in 28 U.S.C. § 1332(d)(10)). As a result, the parties are of diverse citizenship for purposes of 28 U.S.C. § 1332(d)(2)(A).

17.     The "matter in controversy" aggregated across all the purported class members' claims satisfies CAFA. Under CAFA, "the matter in controversy" must "exceed[] the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). For purposes of determining the amount in controversy in class actions, CAFA states that "the claims of the individual members shall be aggregated..." 28 U.S.C. § 1332(d)(6).

18.     For this amount in controversy to be satisfied, there need only be "a reasonable probability that the stakes exceed" $5,000,000. *Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446, 448 (7th Cir. 2005). The Seventh Circuit has acknowledged "the difficulty a defendant faces when the plaintiffs, who control the allegations of the complaint, do not want to be in federal court and provide little information about the value of their claims." *Blomberg v. Serv. Corp. Int'l,* 639 F.3d 761, 763 (7th Cir. 2011). Accordingly, "the party seeking removal does not need to establish what damages the plaintiff will recover, but only how much is in controversy between the parties." *Id.* (citing *Brill,* 427 F.3d at 448 (7th Cir. 2005)). This burden thus "is a pleading requirement, not a demand for proof." *Id.* (quoting *Spivey v. Vertrue, Inc.,* 528 F.3d 982, 986 (7th Cir. 2008)).

19.     Defendant denies the validity Plaintiff's alleged legal theories and claims, but for purposes of establishing jurisdiction, it is apparent that, although the complaint does not affirmatively specify a damages figure, the aggregated claims of the putative class exceeds CAFA's jurisdictional minimum.

20.     Specifically, because Plaintiff seeks an award of "statutory damages for each of Defendant's violations of the BIPA pursuant to 740 ILCS 14/20." (Complaint, Prayer for Relief, ¶ C.) And because each violation, if proved, would trigger $1,000 to $5,000 in statutory damages, it is plausible that Plaintiff seeks to recover $1,000 to $5,000 in damages for "each"

time she and the other likely at least 100 alleged class members obtained medicines for distribution. Applying this damages theory, to the likely at least 100 alleged persons who fall within the class definition would well exceed the jurisdictional minimum. Plus, Plaintiffs seek litigation expenses, which would add additional amounts to the amount in controversy.

## IV.    **ETHOS HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL**

21.     This Petition and Notice of Removal is timely pursuant to 28 U.S.C. section 1446(b) because this action is being removed within thirty (30) days of the date when Ethos Veterinary Health, LLC received the Summons and Complaint. 28 U.S.C. § 1446(b)(1); *see* **Ex. A**.

22.     Because this action is brought in the Circuit Court of Cook County, Illinois, venue for purposes of removal is proper in this Court under 28 U.S.C. § 93(a)(1): this District and this Division embraces Cook County, Illinois, the place where the removed action has been pending. *See* 28 U.S.C. § 93(a)(1); 28 U.S.C. § 1441(a).

23.     In accordance with 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Ethos Veterinary Health, LLC have been attached as Exhibit A.

24.     In accordance with 28 U.S.C. § 1446(d), Ethos Veterinary Health, LLC will promptly provide written notice to Plaintiff and will promptly file a copy of this Notice of Removal with the Clerk of the Court for the Circuit Court of Cook County, Illinois.

## V.    **CONCLUSION**

25.     Defendant Ethos Veterinary Health, LLC files this Notice of Removal, removing this case from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division and further requests that this Court accept this Notice of Removal and assume jurisdiction over this matter for all further proceedings.

Dated: June 22, 2022        Respectfully Submitted,

O'HAGAN MEYER, LLC

By: */s/ Matthew E. Szwajkowski*
Counsel for Defendant


Jamie L. Filipovic
Matthew E. Szwajkowski
O'HAGAN MEYER
One East Wacker Drive
Suite 3400
Chicago, IL 60601
Telephone: (312) 422-6134
Facsimile: (312) 422-6110
JFilipovic@ohaganmeyer.com
mszwajkowski@ohaganmeyer.com
Attorneys for Defendant ETHOS VETERINARY
HEALTH, LLC

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned attorney, hereby certify that the foregoing **Notice of Removal** was served upon counsel for the parties to this action via first-class United States mail, postage prepaid, and via e-mail this 22nd day of June, 2022 as follows:

David Fish
Mara Baltabols
FISH POTTER BOLAÑOS, P.C
200 East Fifth Avenue, Suite 123
Naperville, Illinois 60563
Tel: 630.355.7590
Fax: 630.778.0400
Email: dfish@fishlawfirm.com
mara@fishlawfirm.com
docketing@fishlawfirm.com
*Counsel for Plaintiff*

*/s/ Matthew E. Szwajkowski*