**1**

$1.16 US POSTAGE
1 OZ FIRST-CLASS MAIL FLATS RATE

062S0011691815
4562515
FROM 60563

RETAIL



stamps
endicia
05/23/2022

# USPS FIRST CLASS MAIL®

Fish Potter Bolanos, P.C.
200 E. 5th Avenue, Suite 123
Naperville IL 60563

C059

SHIP
TO:

ETHOS VETERINARY HEALTH, LLC
c/o Illinois Corporation Service, LLC
801 ADLAI STEVENSON DR
SPRINGFIELD IL 62703-4261

EXHIBIT

A

FILED
5/20/2022 11:33 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH04832
Calendar, 6
17983552

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |

Summons - Alias Summons                                    (12/01/20) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

SIERRA SAMBOLIN, individually and on behalf

of all others similarly situated

_____

Plaintiff(s)

v.

ETHOS VETERINARY HEALTH, LLC dba PREMIER

VETERINARY GROUP,and

CUBEX, LLC (Respondent in Discovery)

_____

Defendant(s)

ETHOS VETERINARY HEALTH, LLC dba PREMIER

VETERINARY GROUP

cc/o Illinois Corporation Service, LLC, 801 Adlai Stevenson Drive

Springfield, IL 62703

_____

Address of Defendant(s)

Case No.     2022CH04832

Please serve as follows (check one):  ○ Certified Mail  ○ Sheriff Service  ○ Alias

## SUMMONS

To each Defendant: ETHOS VETERINARY HEALTH, LLC dba PREMIER VETERINARY GROUP

You have been named a defendant in the complaint in this case, a copy of which is hereto attached. You are summoned and required to file your appearance, in the office of the clerk of this court, within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

## THERE WILL BE A FEE TO FILE YOUR APPEARANCE.

To file your written appearance/answer **YOU DO NOT NEED TO COME TO THE COURTHOUSE.** You will need: a computer with internet access; an email address; a completed Appearance form that can be found at http://www.illinoiscourts.gov/Forms/approved/procedures/appearance.asp; and a credit card to pay any required fees.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**

**cookcountyclerkofcourt.org**

Page 1 of 3

| Summons - Alias Summons | (12/01/20) CCG 0001 B |
|---|---|

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

Please call or email the appropriate clerk's office location (on Page 3 of this summons) to get your court hearing date AND for information whether your hearing will be held by video conference or by telephone. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

**NOTE: Your appearance date is NOT a court date. It is the date that you have to file your completed appearance by. You may file your appearance form by efiling unless you are exempted.**

A court date will be set in the future and you will be notified by email (either to the email address that you used to register for efiling, or that you provided to the clerk's office).

**CONTACT THE CLERK'S OFFICE for information regarding COURT DATES by visiting our website: cookcountyclerkofcourt.org; download our mobile app from the AppStore or Google play, or contact the appropriate clerk's office location listed on Page 3.**

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

○ Atty. No.: 44086
○ Pro Se 99500

Name: Fish Potter Bolanos  P.C.

Atty. for (if applicable):

Plaintiff

Address: 200 E. 5th Avenue, Suite 123

City: Naperville

State: IL   Zip: 60563

Telephone: 630-355-7590

Primary Email: docketing@fishlawfirm.com

Witness date _____

5/20/2022 11:33 AM IRIS Y. MARTINEZ

_____
IRIS Y. MARTINEZ, Clerk of Court

☐ Service by Certified Mail: _____

☐ Date of Service: _____
(To be inserted by officer on copy left with employer or other person)

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 2 of 3

## GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-5133

### CIVIL DIVISION
**Court date EMAIL:**  CivCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-5116

### COUNTY DIVISION
**Court date EMAIL:**  CntyCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:**  DRCourtDate@cookcountycourt.com
            OR
            ChildSupCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-6300

### DOMESTIC VIOLENCE
**Court date EMAIL:**  DVCourtDate@cookcountycourt.com
Gen. Info:     (312) 325-9500

### LAW DIVISION
**Court date EMAIL:**  LawCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-5426

### PROBATE DIVISION
**Court date EMAIL:**  ProbCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-6441

### ALL SUBURBAN CASE TYPES

### DISTRICT 2 - SKOKIE
**Court date EMAIL:**  D2CourtDate@cookcountycourt.com
Gen. Info:     (847) 470-7250

### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:**  D3CourtDate@cookcountycourt.com
Gen. Info:     (847) 818-3000

### DISTRICT 4 - MAYWOOD
**Court date EMAIL:**  D4CourtDate@cookcountycourt.com
Gen. Info:     (708) 865-6040

### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:**  D5CourtDate@cookcountycourt.com
Gen. Info:     (708) 974-6500

### DISTRICT 6 - MARKHAM
**Court date EMAIL:**  D6CourtDate@cookcountycourt.com
Gen. Info:     (708) 232-4551

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION**

FILED
5/19/2022 3:35 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH04832
Calendar, 6
17973201

SIERRA SAMBOLIN individually and on
behalf of all others similarly situated,

> *Plaintiff,*

v.

ETHOS VETERINARY HEALTH, LLC dba
PREMIER VETERINARY GROUP,

> *Defendant,*

CUBEX, LLC,

> *Respondent in Discovery,*

Case No.: **2022CH04832**

## CLASS ACTION COMPLAINT

Plaintiff Sierra Sambolin ("Plaintiff") brings this Class Action Complaint against
Defendant Ethos Veterinary Health, LLC dba Premier Veterinary Group ("Defendant") to put a
stop to its unlawful collection, use, storage, and disclosure of Plaintiff's and the putative Class
members' sensitive biometric data. Plaintiff, for Plaintiff's Class Action Complaint, alleges as
follows upon personal knowledge as to Plaintiff's own acts and experiences and, as to all other
matters, upon information and belief.

### NATURE OF THE ACTION

1.      Defendant operates veterinary medical care facilities, with locations throughout
Illinois.

2.      Defendant uses the Cubex LLC system, and related Cubex devices (collectively
referred to as "Cubex"), all of which are automated medication dispensing systems that require
users to scan a fingerprint to access the device and systems.

3.    Defendant requires users to scan their biometric information, namely their fingerprint, to gain access to the Cubex devices. Within a single medical location, including Defendant, there are typically multiple Cubex devices, and once a user has registered their fingerprint with the system, they have access to multiple Cubex devices within that hospital.

4.    While there are tremendous benefits to using biometric systems in the workplace, there are also serious risks. Unlike identification cards or numbers—which can be changed or replaced if stolen or compromised—fingerprints are unique, permanent biometric identifiers associated with the employee. This exposes employees to serious and irreversible privacy risks. For example, if a fingerprint database is hacked, breached, or otherwise exposed, employees have no means by which to prevent identity theft and unauthorized tracking.

5.    Recognizing the need to protect its citizens from situations like these, Illinois enacted the Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), specifically to regulate companies that collect and store Illinois citizens' biometrics, such as fingerprints.

6.    Despite this law, Defendant disregarded its employees' statutorily protected privacy rights and unlawfully collects, stores, and uses their biometric data in violation of the BIPA. Specifically, Defendant violated (and continues to violate) the BIPA because it did not:

- Properly inform Plaintiff and the Class members in writing of the specific purpose and length of time for which their fingerprints were being collected, stored, and used, as required by the BIPA;

- Provide a publicly available retention schedule and guidelines for permanently destroying Plaintiff's and the Class's fingerprints, as required by the BIPA; nor

- Receive a written release from Plaintiff or the members of the Class to collect, capture, or otherwise obtain fingerprints, as required by the BIPA.

7.    Accordingly, this Complaint seeks an order: (i) declaring that Defendant's conduct violates the BIPA; (ii) requiring Defendant to cease the unlawful activities discussed herein; and

2

(iii) awarding liquidated damages to Plaintiff and the proposed Class.

## PARTIES

8.      Plaintiff is a natural person and citizen of the State of Illinois.

9.      Defendant is a foreign corporation doing business in Illinois.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 because Defendant conducts business transactions in Illinois and have committed tortious acts in Illinois.

11.     Venue is proper in Cook County because Defendant operates throughout this County and "resides" in Cook County within the meaning of 735 ILCS § 5/2-102(a).

## FACTUAL BACKGROUND

### I.      The Biometric Information Privacy Act.

12.     In the early 2000's, major national corporations started using Chicago and other locations in Illinois to test "new [consumer] applications of biometric-facilitated financial transactions, including finger-scan technologies at grocery stores, gas stations, and school cafeterias." 740 ILCS 14/5(b). Given its relative infancy, an overwhelming portion of the public became weary of this then-growing, yet unregulated technology. *See* 740 ILCS 14/5.

13.     In late 2007, a biometrics company called Pay By Touch—which provided major retailers throughout the State of Illinois with fingerprint scanners to facilitate consumer transactions—filed for bankruptcy. That bankruptcy was alarming to the Illinois Legislature because suddenly there was a serious risk that millions of fingerprint records—which, are unique biometric identifiers, can be linked to people's sensitive financial and personal data—could now be sold, distributed, or otherwise shared through the bankruptcy proceedings without adequate protections for Illinois citizens. The bankruptcy also highlighted the fact that most consumers who

3

had used that company's fingerprint scanners were completely unaware that the scanners were not actually transmitting fingerprint data to the retailer who deployed the scanner, but rather to the now-bankrupt company, and that unique biometric identifiers could now be sold to unknown third parties.

14.     Recognizing the "very serious need [for] protections for the citizens of Illinois when it [came to their] biometric information," Illinois enacted the BIPA in 2008. *See* Illinois House Transcript, 2008 Reg. Sess. No. 276; 740 ILCS 14/5.

15.     The BIPA is an informed consent statute which achieves its goal by making it unlawful for a company to, among other things, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it *first*:

> (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored;
>
> (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and
>
> (3) receives a written release executed by the subject of the biometric identifier or biometric information.

740 ILCS 14/15(b).

16.     BIPA specifically applies to employees who work in the State of Illinois. BIPA defines a "written release" specifically "in the context of employment [as] a release executed by an employee as a condition of employment." 740 ILCS 14/10.

17.     Biometric identifiers include retina and iris scans, voiceprints, scans of hand and face geometry, and—most importantly here—fingerprints. *See* 740 ILCS 14/10. Biometric information is separately defined to include any information based on an individual's biometric

4

identifier that is used to identify an individual. *See id.*

18.     The BIPA also establishes standards for how employers must handle Illinois employees' biometric identifiers and biometric information. *See* 740 ILCS 14/15(c)–(d). For instance, the BIPA requires companies to develop and comply with a written policy—made available to the public—establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting such identifiers or information has been satisfied or within three years of the individual's last interaction with the company, whichever occurs first. 740 ILCS 14/15(a).

19.     Ultimately, the BIPA is simply an informed consent statute. Its narrowly tailored provisions place no absolute bar on the collection, sending, transmitting or communicating of biometric data. For example, the BIPA does not limit what kinds of biometric data may be collected, sent, transmitted, or stored. Nor does the BIPA limit to whom biometric data may be collected, sent, transmitted, or stored. The BIPA simply mandates that entities wishing to engage in that conduct must make proper disclosures and implement certain reasonable safeguards.

## II.     Defendant Violate the Biometric Information Privacy Act.

20.     By the time the BIPA passed through the Illinois Legislature in mid-2008, many companies who had experimented with using biometric data as an authentication method stopped doing so, at least for a time. That is because Pay By Touch's bankruptcy, described in Section I above, was widely publicized and brought attention to consumers' discomfort with the use of their biometric data.

21.     Unfortunately, Defendant failed to take note of the passage of the BIPA even though it has been in effect for over a decade and Defendant is presumed to know the law. Defendant continued to collect, store, and use its employees' biometric data in violation of the

BIPA.

22.     Specifically, when employees worked at Defendant, they are required to have their fingerprints scanned in order to enroll them in its fingerprint database for the Cubex system.

23.     Defendant failed to inform its employees of the complete purposes for which it collects their sensitive biometric data or to whom the data is disclosed, if at all.

24.     Defendant failed to inform employees that they were sharing their fingerprint data with third-party vendors for the biometric system, including Cubex, or obtain employees' consent to do so.

25.     Defendant similarly failed to provide its employees with a written, publicly available policy identifying its retention schedule, and guidelines for permanently destroying its employees' fingerprints when the initial purpose for collecting or obtaining their fingerprints is no longer relevant, as required by the BIPA. An employee who leaves the company does so without any knowledge of when their biometric identifiers will be removed from Defendant's databases— or if they ever will be.

26.     The Pay By Touch bankruptcy that catalyzed the passage of the BIPA highlights why conduct such as Defendant's —whose employees are aware that they are providing biometric identifiers but are not aware of to whom or the full extent of the reasons they are doing so—is so dangerous. That bankruptcy spurred Illinois citizens and legislators to realize a critical point: it is crucial for people to understand when providing biometric data who exactly is collecting it, who it will be transmitted to, for what purposes, and for how long. But Defendant disregard these obligations, and instead unlawfully collects, stores, and uses its employees' biometric identifiers and information without proper consent.

27.     Ultimately, Defendant disregard their employees' statutorily protected privacy

rights by violating the BIPA.

## FACTS SPECIFIC TO PLAINTIFF

28. Plaintiff worked for Defendant in Illinois through March 2022.

29. As an employee, Defendant required Plaintiff to scan Plaintiff's fingerprint so that it could use it as an authentication method. Defendant subsequently stored Plaintiff's fingerprint data in its databases and shared the information with Cubex without her consent.

30. Each time Plaintiff used the Cubex system, Defendant required a scan of Plaintiff's fingerprints.

31. Plaintiff was required to scan her fingerprint so it could be used as an authentication method to access Defendant's Cubex devices.

32. Plaintiff was required to scan her fingerprint each time she accessed any one of Defendant's Cubex devices.

33. Defendant never informed Plaintiff of the specific limited purposes or length of time for which it collected, stored, or used fingerprints.

34. Similarly, Defendant never informed Plaintiff of any biometric data retention policy it developed, nor whether it will ever permanently delete fingerprints.

35. Plaintiff never signed a written release allowing Defendant to collect or store fingerprints.

36. Plaintiff has continuously and repeatedly been exposed to the risks and harmful conditions created by Defendant's violations of the BIPA alleged herein.

37. Plaintiff now seeks liquidated damages under BIPA as compensation for the injuries Defendant has caused.

7

## CLASS ALLEGATIONS

38.    **Class Definition**: Plaintiff brings this action pursuant to 735 ILCS 5/2-801 on behalf of Plaintiff and a Class of similarly situated individuals, defined as follows:

> All residents of the State of Illinois who had their fingerprints collected, captured, received, otherwise obtained, or disclosed by Defendant while in Illinois.

The following people are excluded from the Class: (1) any Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest and its current or former officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

39.    **Numerosity**: The exact number of Class members is unknown to Plaintiff at this time, but it is clear that individual joinder is impracticable. Defendant has collected, captured, received, or otherwise obtained biometric identifiers or biometric information from at least hundreds of employees who fall into the definition of the Class. Ultimately, the Class members will be easily identified through Defendant's records.

40.    **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

   a)  whether Defendant collected, captured, or otherwise obtained Plaintiff's and the Class' biometric identifiers or biometric information;

   b)  whether Defendant properly informed Plaintiff and the Class of its purposes for collecting, using, and storing their biometric identifiers or biometric

information;

c) whether Defendant obtained a written release (as defined in 740 ILCS 14/10) to collect, use, and store Plaintiff and the Class' biometric identifiers or biometric information;

d) whether Defendant has sold, leased, traded, or otherwise profited from Plaintiff and the Class's biometric identifiers or biometric information;

e) whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within three years of their last interaction, whichever occurs first;

f) whether Defendant comply with any such written policy (if one exists); and

g) whether Defendant used Plaintiff and the Class' fingerprints to identify them.

41.    **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and have retained counsel competent and experienced in complex litigation and class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant have no defenses unique to Plaintiff. Plaintiff and their counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor their counsel have any interest adverse to those of the other members of the Class.

42.    **Appropriateness**: This class action is appropriate for certification because class proceedings are superior to all others available methods for the fair and efficient adjudication of this controversy and joinder of all members of the Class is impracticable. The damages suffered by the individual members of the Class are likely to have been small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's wrongful conduct. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such

individual litigation, it would not be preferable to a class action because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in their Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

**CAUSE OF ACTION**
**Violation of 740 ILCS 14/1, *et seq.***
**(On Behalf of Plaintiff and the Class)**

43.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

44.     The BIPA requires companies to obtain informed written consent from employees before acquiring their biometric data. Specifically, the BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless [the entity] first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; *and* (3) receives a written release executed by the subject of the biometric identifier or biometric information...." 740 ILCS 14/15(b) (emphasis added).

45.     The BIPA also mandates that companies in possession of biometric data establish and maintain a satisfactory biometric data retention (and—importantly—deletion) policy. Specifically, those companies must: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric data (*i.e.,* when the employment relationship ends); and (ii) actually adhere to that retention schedule and actually

10

delete the biometric information. *See* 740 ILCS 14/15(a).

46.    Unfortunately, Defendant fails to comply with these BIPA mandates.

47.    Defendant qualifies as a "private entity" under the BIPA. *See* 740 ILCS 14/10.

48.    Plaintiff and the Class are individuals who had their "biometric identifiers" collected by Defendant (in the form of their fingerprints), as explained in detail in Section II. *See* 740 ILCS 14/10.

49.    Plaintiff and the Class' biometric identifiers or information based on those biometric identifiers were used to identify them, constituting "biometric information" as defined by the BIPA. *See* 740 ILCS 14/10.

50.    Defendant violated 740 ILCS 14/15(b)(3) by failing to obtain written releases from Plaintiff and the Class before it collected, used, and stored their biometric identifiers and biometric information.

51.    Defendant violated 740 ILCS 14/15(b)(1) by failing to inform Plaintiff and the Class in writing that their biometric identifiers and biometric information were being collected and stored.

52.    Defendant violated 740 ILCS 14/15(b)(2) by failing to inform Plaintiff and the Class in writing of the specific purpose and length of term for which their biometric identifiers or biometric information was being collected, stored, and used.

53.    Defendant violated 740 ILCS 14/15(a) by failing to publicly provide and follow a retention schedule or guideline for permanently destroying its employees' biometric identifiers and biometric information.

54.    Defendant violated 740 ILCS 14/15(d) by sharing and disclosing employees' biometric identifiers and biometric information without consent.

11

55.     By collecting, storing, and using Plaintiff's and the Class' biometric identifiers and biometric information as described herein, Defendant violated Plaintiff's and the Class' rights to privacy in their biometric identifiers or biometric information as set forth in the BIPA, 740 ILCS 14/1, *et seq.*

56.     On behalf of themselves and the Class, Plaintiff seek: (1) injunctive and equitable relief as is necessary to protect the interests of the Plaintiff and the Class by requiring Defendant to comply with the BIPA's requirements for the collection, storage, and use of biometric identifiers and biometric information as described herein; (2) liquidated damages for each of Defendant's violations of the BIPA pursuant to 740 ILCS 14/20; and (3) reasonable attorneys' fees and costs and expenses pursuant to 740 ILCS 14/20(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the Class, respectfully requests that the Court enter an Order:

A.      Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff as representative of the Class, and appointing their counsel as Class Counsel;

B.      Declaring that Defendant's actions, as set out above, violate the BIPA;

C.      Awarding statutory damages for each of Defendant's violations of the BIPA, pursuant to 740 ILCS 14/20;

D.      Awarding injunctive and other equitable relief as is necessary to protect the interests of the Class, including an Order requiring Defendant to collect, store, and use biometric identifiers or biometric information in compliance with the BIPA;

F.      Awarding Plaintiff and the Class their reasonable litigation expenses and attorneys' fees;

12

G.    Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent

allowable; and

I.    Awarding such other and further relief as equity and justice may require.


Dated: May 19, 2022                    Respectfully submitted,

                                       **Sierra Sambolin, individually and on behalf of
                                       all others similarly situated,**

                                       By: /s/ Mara Baltabols
                                              One of Plaintiff's Attorneys


                                       David Fish
                                       dfish@fishlawfirm.com
                                       Mara Baltabols
                                       mara@fishlawfirm.com
                                       FISH POTER BOLAÑOS, P.C
                                       200 East Fifth Avenue, Suite 123
                                       Naperville, Illinois 60563
                                       Tel: 630.355.7590
                                       Fax: 630.778.0400
                                       docketing@fishlawfirm.com

**Notice and Acknowledgment of**
**Receipt of Summons and Complaint**                    **(12/01/20) CCG 0063 A**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

SIERRA SAMBOLIN, individually and

on behalf of all otherssimilarly situated

_____
                                            Plaintiff(s)      Case No. _____ 2022CH04832 _____

                            vs.
ETHOS VETERINARY HEALTH, LLC dba                              Defendant(s)
PREMIER VETERINARY GROUP                                      Amount Claimed:   $ _____
_____
CUBEX, LLC - Respondent in Discovery        Defendant(s)

### NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

ETHOS VETERINARY HEALTH, LLC

To: c/o Illinois Corporation Service, LLC _____  Address: 801 Adlai Stevenson Dr _____
                        (Name)

City: Springfield _____  State: IL ____  Zip: 62703 _____

The enclosed summons and complaint are served pursuant to section 2--213 of the Code of Civil Procedure.

You must complete the acknowledgment part of this form and return one copy of the completed form to the sender within _____ 30 _____ * days.

You must sign and date the acknowledgment. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within _____ 30 _____ * days, you (or the party on whose behalf you are being served) may be served a summons and complaint in any other manner permitted by law.

If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within _____ 60 _____ ** days. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this notice and acknowledgment of receipt of summons and complaint will have been mailed on _____ 05-23-2022 _____ .

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 1 of 2

**Notice and Acknowledgment of**
**Receipt of Summons and Complaint**                              **(12/01/20) CCG 0063 B**

E-filing is now mandatory for documents in civil cases with limited exemptions. To
e-file, you must first create an account with an e-filing service provider. Visit http://efile.
illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If
you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/
gethelp.asp.

### ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in
the above captioned matter at:

(Please print or type)

Name: _____

Address: _____

City: _____   State: _____   Zip: _____

Email: _____

Relationship to Entity/Authority to Receive Service of Process: _____
(Not applicable if your are the named Defendant or Respondent.)

Dated: _____

_____
Signature

\*    (To be completed by the person sending the notice.) Date for return of waiver must be at least 30 days from the date
on which the request is sent, or 60 days if the defendant is addressed outside the United States.

\*\*   (To be completed by the person sending the notice.) Date for answering complaint must be at least 60 days from the
date on which the request is sent, or 90 days if the defendant is addressed outside the United States.

FILED
5/20/2022 11:33 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH04832
Calendar, 6
17983552

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

SIERRA SAMBOLIN, individually and on
behalf of all others similarly situated,

*Plaintiff,*

v.

ETHOS VETERINARY HEALTH, LLC dba
PREMIER VETERINARY GROUP.,

*Defendant.*

and CUBEX, LLC

*Respondent in Discovery*

Case No.: 2022CH04832

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

This is a proposed class action lawsuit for violations of the Biometric Information Privacy Act ("the Act"). Sierra Sambolin ("Sierra" or "Plaintiff") alleges that Defendant violated the Act by collecting, possessing, and transferring Plaintiff's and the proposed class's biometric voiceprints, voice patterns or templates and information through Defendant's Cubex technology without following the Act's requirements. Class Action Complaint ("Compl.") ¶¶ 3-4, 24-28, 42-62. Plaintiff files this Motion for Class Certification under guidance from the Illinois Supreme Court to avoid a mootness issue that may result from a tender to Named Plaintiff. *See Barber v. Am. Airlines, Inc.*, 948 N.E.2d 1042, 1045 (Ill. 2011) ("the important consideration in determining whether a named representative's claim is moot is whether that representative filed a motion for class certification prior to the time when the defendant made its tender.") (citations omitted); *Ballard RN Ctr., Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 48 N.E.3d 1060, 1069 (Ill. 2015)

1

("Simply put, defendant's tender of relief, "partial" or otherwise, after plaintiff filed its class certification motion could not render moot any part of plaintiff's pending action") (footnote and citation omitted).

Named Plaintiff moves to certify the following class:[1]

All residents of the State of Illinois who had their fingerprints collected, captured, received, otherwise obtained, or disclosed by Defendant while in Illinois ("the Class").

The proposed Class meets the requirements for class certification under 735 ILCS 5/2-801 (numerosity, commonality, adequacy, and appropriateness).

First, the Class is too numerous for joinder to be practical because it has more than 50 members. Compl. ¶ 31. As a result, the numerosity requirement in 735 ILCS 5/2-801(1) is satisfied. *Kim v. Sussman*, No. 03 CH 07663, 2004 WL 3135348, at *2 (Ill. Cir. Ct. Oct. 19, 2004) ("Although there is no bright line test to determine numerosity, the Illinois courts generally follow the reasoning that greater than 40 parties satisfies numerosity, but less than 25 people is insufficient." (citation omitted).

Second, there are common questions of law or fact that predominate over questions affecting only individual members, including: whether Defendant required the Class to provide their voiceprints, voice patterns; whether Defendant collected the Class's "biometric identifiers" or "biometric information" under the Biometric Information Privacy Act; and whether Defendant complied with the procedures in 740 ILCS 14/15(a), (b), and (d) of the Biometric Information Privacy Act. ¶ 33. These uniform factual and legal determinations satisfy 735 ILCS 5/2-801(2). *See Ramirez v. Midway Moving & Storage, Inc.*, 880 N.E.2d 653, 658 (Ill. App. 1st Dist. 2007)

---

[1] Named Plaintiff reserves the right to amend this class definition and supplement this motion based on information obtained in discovery.

(common questions of law and fact predominate where the potential class challenged the Defendant's "uniform policy.").

Third, Named Plaintiff will fairly and adequately protect the interests of the Class because their claims are coextensive with those of the Class, she has no interests antagonistic to the Class, and she is not subject to unique defenses. *See Walczak v. Onyx Acceptance Corp.*, 850 N.E.2d 357, 371 (Ill. App. 2d Dist. 2006) (finding adequacy requirement in 735 ILCS 5/2-801(3) satisfied where "plaintiffs [were] in the same position as all putative class members").

Finally, a class action is an appropriate method for the fair and efficient adjudication of this controversy because the lawsuit alleges that Defendant's common practices toward employees violated the Act. "Where the first three requirements for class certification have been satisfied, the fourth requirement may be considered fulfilled as well." *Id.*

The United States District Courts for the Northern District of Illinois and the Northern District of California certified class actions under Rule 23(b)(3) of the Federal Rules of Civil Procedure in cases alleging violations of the Act. *Alvarado v. Int'l Laser Prods., Inc.*, Case No. 1:18-cv-7756, 2019 WL 333795, at *1 (N.D. Ill. June 19, 2019) (claims by employees alleging violations of the Act based on the defendant's biometrics); *In re Facebook Biometric Info. Privacy Litig.*, 326 F.R.D. 535, 549 (N.D. Cal. 2018) (claims by Facebook users who alleged that the defendant collected their biometric identifiers and information from their social media photos).

WHEREFORE, for the foregoing reasons, Named Plaintiff requests that the Court:

A. Enter and continue this motion and enter an order allowing expedited limited class certification discovery;

B. Set a schedule for Named Plaintiff to file supplemental evidentiary materials and a supporting memorandum of law; and

C. Such other relief as this Court deems appropriate under the circumstances.

3

Dated: May 20, 2022                  Respectfully submitted,

                                            /s/*Mara Baltabols*
                                            One of Plaintiff's Attorneys

                                            David Fish
                                            Mara Baltabols
                                            **FISH POTER BOLAÑOS, P.C. (23522)**
                                            200 East Fifth Avenue, Suite 123
                                            Naperville, Illinois 60563
                                            dfish@fishlawfirm.com
                                            mara@fishlawfirm.com

                                            *Attorneys for Plaintiff*

4

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CHANCERY DIVISION

SIERRA SAMBOLIN, individually and on
behalf of all others similarly situated,

                    *Plaintiff,*

        v.

ETHOS VETERINARY HEALTH, LLC dba
PREMIER VETERINARY GROUP.

                    *Defendant.*

and CUBEX, LLC

                    *Respondent in Discovery*

FILED
5/20/2022 3:27 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH04832
Calendar, 6
17990149

Case No.: 2022CH04832

### <u>NOTICE OF MOTION</u>

PLEASE TAKE NOTICE that on **July 18, 2022 at 9:00 am**, or as soon thereafter as counsel can be heard, I shall appear before the Honorable Judge Gamrath in Courtroom 2508 of the Circuit Court of Cook County, Illinois, located at 50 W. Washington (via Zoom) to present the **Plaintiff's Motion for Class Certification**, a copy of which is attached hereto and hereby served upon you.

Dated: May 20, 2022

                        Respectfully submitted,

                        SIERRA SAMBOLIN,
                        **individually and on behalf of all others similarly**
                        **situated.**

                        By:    /s/   Mara Baltabols
                                One of its Attorneys

**FISH POTER BOLAÑOS, P.C.**
200 E 5th Ave., Suite 123
Naperville, IL 60563
(312) 861-1800
admin@fishlawfirm.com
CC# 23522