IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SIERRA SAMBOLIN, *individually and on behalf of all others similarly situated*,<br><br>*Plaintiff,*<br><br>v.<br><br>ETHOS VETERINARY HEALTH, LLC d/b/a PREMIER VETERINARY GROUP,<br><br>*Defendants,*<br><br>CUBEX, LLC,<br><br>*Respondent in Discovery.* | Case No.: 22-cv-03276 |

## **PRELIMINARY APPROVAL ORDER**

This matter having come before the Court on Plaintiff's Unopposed Motion and Memorandum in Support of Preliminary Approval of Class Action Settlement of the above-captioned matter (the "Action") between Plaintiff SIERRA SAMBOLIN ("Plaintiff"), and ETHOS VETERINARY HEALTH, LLC d/b/a PREMIER VETERINARY GROUP ("Defendant") (collectively, the "Parties"), as set forth in the Class Action Settlement Agreement, between Plaintiff and Defendant (the "Settlement Agreement"), and the Court having considered the papers filed and proceedings in this matter, and being fully advised in the premises, IT IS HEREBY ORDERED, as follows:

1. Capitalized terms not defined in this Order are defined in the Parties' Settlement Agreement.

1

2. The Court finds, on a preliminary basis, that the Settlement is fair, reasonable, and adequate.

3. The Settlement Agreement was negotiated at arm's-length between counsel for the Parties who are experienced in class action litigation.

4. The Court finds, on a preliminary basis, that Class Counsel has adequately represented the proposed Class Members.

5. For settlement purposes only, the Court preliminarily certifies a Settlement Class defined as follows:

> All individuals who, between May 19, 2017 and April 10, 2023 (the "Class Period"), used the Biometric System at Defendant Ethos Veterinary Health, LLC's facilities within the state of Illinois and whose name appears on the Class List.

Excluded from the Settlement Class are (1) any Judge or Magistrate presiding over this Action and members of their families, (2) persons who properly execute and file a timely request for exclusion from the Settlement Class, and (3) the legal representatives, successors, or assigns of any such excluded persons.

6. The Court finds that distribution of the Notice to the proposed Class Members is justified because Plaintiff has shown that the Court will likely be able to (i) approve the Settlement under Rule 23(e)(2), and (ii) certify the proposed class for purposes of settlement.

7. The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, and adequate, is likely to be approved under Federal Rule of Civil Procedure 23(e)(2) and is in the best interests of the Settlement Class set forth above. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court also finds that the

Settlement Agreement (a) is the result of arm's-length negotiations between experienced class action attorneys; (b) is sufficient to warrant notice of the settlement and the Final Approval Hearing to be disseminated to the Settlement Class; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (d) is not a finding or admission of liability by the Defendant or any other parties.

8. For settlement purposes only, the Court appoints Sierra Sambolin as the Class Representative.

9. For settlement purposes only, the Court appoints as Class Counsel:

David Fish
Mara Baltabols
Fish Potter Bolaños, P.C.

10. The Court appoints Analytics Consulting LLC as the Settlement Administrator to perform all duties described in the Settlement Agreement and ordered by this Court.

11. The Court finds that distribution of the proposed Notice of Class Action Settlement ("Notice") by mail and establishment of a settlement website is the best practicable means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement and the Final Approval Hearing to all persons affected by or entitled to participate in the Settlement, in full compliance with the notice requirements of Fed. R. Civ. P. 23, due process, the Constitution of the United States, and other applicable laws. The proposed Notice is accurate, objective, and informative. It provides Class Members with the information necessary to evaluate the fairness of the Settlement and to make an informed decision regarding whether to participate in the Settlement.

12. Any person who would otherwise be a Settlement Class Member may request to be excluded from the Settlement by submitting a written request for exclusion to the Settlement Administrator as described in the Notice by July 31, 2023.

13. Any person who would otherwise be a Settlement Class Member who timely and validly excludes himself or herself from the Settlement will not be entitled to any recovery under the Settlement and will not be bound by the Settlement or have any right to object, appeal, or comment on it.

14. Any Class Member who does not request to be excluded from the Settlement may object to the Settlement by filing an objection to the Court and submitting a written statement to Counsel for Parties with a copy to the Settlement Administrator as described in the Notice by July 31, 2023.

15. Settlement Class Counsel shall file a motion for attorney fees, litigation costs, settlement administration costs, and the Class Representative's Service Award ("Fee Petition") no later than July 24, 2023.

16. Settlement Class Counsel shall file a motion for final approval of the Settlement no later than August 4, 2023. The motion for final approval shall include copies of any objections submitted and identify any Settlement Class Members who have requested to be excluded from the Settlement.

17. The Court schedules a Final Approval Hearing for **August 15, 2023 at 10:00 a.m.** in Courtroom 1219 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604. Members of the public and media will be able to call in to listen to this hearing using the Toll-Free Number: 877-336-1828, Access Code: 4082461. Please keep your phone on mute when you are not speaking. Persons granted remote access to proceedings

are reminded of the general prohibition against photographing, recording, and rebroadcasting court proceedings. Violation of these prohibitions may result in sanctions, including removal of court-issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court.

18. At the Final Approval Hearing the Court will consider, among other things, (1) whether to finally certify the Settlement Class for settlement purposes only and finally approve the Settlement; (2) whether to approve Class Counsel's request for attorney fees and litigation costs; (3) whether to approve the Settlement Administrator's costs; and (4) whether to approve the Class Representative's request for a Service Award. Settlement Class Members may, but are not required to, appear at the Final Approval Hearing and request to speak in favor or against the Settlement.

19. The Final Approval Hearing may be postponed, adjourned, transferred, or continued by order of the Court without further notice to Settlement Class Members. At or following the Final Approval Hearing, the Court may enter a Final Judgment approving the Settlement and entering a Final Approval Order in accordance with the Settlement that adjudicates the rights of all Settlement Class Members.

Entered: June 13, 2023

*LaShonda A. Hunt*
Hon. LaShonda Hunt