# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SIERRA SAMBOLIN, *individually and on behalf of all others similarly situated*, | |
| *Plaintiff,* | Case No.: 22-cv-03276 |
| v. | Hon. Mary M. Rowland |
| Ethos Veterinary Health, LLC d/b/a Premier Veterinary Group, | |
| *Defendant,* | |
| CUBEX, LLC, | |
| *Respondent in Discovery.* | |

<u>**SETTLEMENT AND RELEASE AGREEMENT**</u>

This Settlement and Release Agreement ("Agreement" or "Settlement Agreement") is entered into by and between Plaintiff Sierra Sambolin ("Plaintiff") individually and on behalf of the Settlement Class, and Ethos Veterinary Health, LLC d/b/a Premier Veterinary Group ("Defendant") and in the case of *Sambolin v. Ethos Veterinary Health, LLC, et al.*, Case No. 22-cv-03276, currently pending in the U.S. District Court for the Northern District of Illinois (the "Litigation" or "Action" or "Underlying Action"). Plaintiff and Defendant are each referred to as a "Party" and are collectively referred to herein as the "Parties."

## I.    <u>FACTUAL BACKGROUND AND RECITALS</u>

1.     On May 19, 2022, Plaintiff filed a Class Action Complaint against Ethos Veterinary Health, LLC d/b/a Premier Veterinary Group, ("Ethos") alleging violations of the Illinois Biometric Information Privacy Act, 740 ILCS § 14/1, *et seq.* ("BIPA") in the Circuit Court of Cook County, Illinois with respect to its alleged use of biometric technology. Plaintiff's Complaint sought recovery on a class basis of, among other things, liquidated damages under BIPA and an award of attorneys' fees, costs, and expenses.

2.     Defendant removed the matter to the United States District Court for the Northern District of Illinois.  After Defendant's request for a stay was denied, the case proceeded.

1

3. With the benefit of initial discovery, and further review of the alleged facts and issues in the case, the Parties engaged in arms-length settlement discussions and reached an agreement on key terms.

4. The Parties now seek to enter into this Settlement Agreement. Plaintiff and Class Counsel (as defined below) have concluded that a settlement according to the terms set forth below is fair, reasonable, and adequate, and beneficial to and in the best interests of Plaintiff and the Settlement Class recognizing: (i) the existence of complex and contested issues of law and fact; (ii) the risks inherent in litigation; (iii) the likelihood that future proceedings will be unduly protracted and expensive if the proceeding is not settled by voluntary agreement; and (iv) the magnitude of the benefits derived from the contemplated settlement in light of both the maximum potential and likely range of recovery to be obtained through further litigation and the expense thereof, as well as the potential of no recovery whatsoever.

5. Defendant denies and continues to deny each and every allegation and all charges of wrongdoing or liability of any kind whatsoever that Plaintiff or members of the Settlement Class (as defined below) presently have asserted in this Litigation or may in the future assert. Despite Defendant's belief that it is not liable for and has good defenses to the claims alleged in the Litigation, Defendant desires to settle the Litigation and thus avoid the expense, risk, exposure, inconvenience, uncertainty, and distraction of continued litigation of any action or proceeding relating to the matters being fully settled and finally put to rest in this Settlement Agreement. Neither this Settlement Agreement, nor any negotiation or discussion thereof, is or may be deemed to be or may be used as an admission of or evidence of any wrongdoing or liability on the part of Defendant.

6. The Parties are satisfied that the terms and conditions of this Settlement Agreement are fair, reasonable, adequate, and in their respective best interests considering the risks and uncertainties of continued litigation and all factors bearing on the merits of settlement.

7. In consideration of the covenants, agreements, and releases set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is agreed by and among the undersigned that the Underlying Action be settled and compromised, and that the Releasors release the Released Parties of the Released Claims, without any costs or fees as to Released Parties, Plaintiff, Class Counsel, or the Settlement Class, except as explicitly provided for in this Agreement, subject to the approval of the Court, on the following terms and conditions.

## II.  **DEFINITIONS**

The following terms, as used in this Agreement, have the following meanings:

8. "Action," or "Litigation," or "Underlying Action" shall mean the lawsuit styled *Sambolin v. Ethos Veterinary Health, LLC, et al.*, Case No. 22-cv-03276, currently pending in the Court.

9.     "Administrative Expenses" shall mean expenses associated with the Settlement Administrator, including but not limited to costs in providing notice, communicating with Settlement Class Members, and disbursing payments to the proposed Settlement Class Members.

10.     "Agreement" or "Settlement Agreement" shall mean this document, including all exhibits.

11.     "Biometric Identifier" shall mean a retina or iris scan, fingerprint, or scan of a fingertip's geometry, voiceprint, or scan of hand or face geometry.

12.     "Biometric Information" shall mean any information, regardless of how it is captured, converted, stored, or shared, based on an individual's Biometric Identifier (as defined above) used to identify an individual.

13.     "Biometric System" shall mean the Cubex technology allegedly used by Defendant in Illinois at any time after May 19, 2017.

14.     "Class," "Settlement Class," "Class Member," or "Settlement Class Member" shall mean all individuals who, between May 19, 2017 and April 10, 2023  (the "Class Period"), used the Biometric System at Defendant Ethos Veterinary Health LLC's facilities within the state of Illinois and whose name appears on the Class List.

15.     "Class Counsel" shall mean David Fish, Mara Baltabols, and/or any other attorney from Fish Potter Bolaños, P.C.

16.     "Counsel" or "Counsel for the Parties" shall mean both Class Counsel and Defendant's Counsel, collectively.

17.     "Court" shall mean the U.S. District Court for the Northern District of Illinois, or any other court presiding over the Litigation.

18.     "Defendant" shall mean Ethos Veterinary Health, LLC d/b/a Premier Veterinary Group.

19.     "Defendant's Counsel" shall mean Scott O. Luskin and/or another attorney from the law firm of Payne & Fears, LLP.

20.     "Effective Date" shall mean the date upon which the Settlement in the Action shall become effective and final, and occurs one business day following the later of: (a) the date upon which the time expires for filing or noticing any appeal of the Final Approval Order; (b) if an appeal is filed, the date of completion, in a manner that finally affirms and leaves in place the Final Approval Order without any material modification, of all proceedings arising out of the appeal(s) (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petition for review and/or certiorari, all

proceedings ordered on remand, and all proceedings arising out of any subsequent appeal(s) following decisions on remand); or (c) the date of final dismissal of any appeal or the final dismissal of any proceeding on certiorari with respect to the Final Approval Order.

21. "Fee Award" shall mean the amount of attorneys' fees and reimbursement of expenses awarded by the Court to Class Counsel.

22. "Fee and Expense Application" shall mean the motion to be filed by Class Counsel, in which they seek approval of an award of attorneys' fees, costs, and expenses.

23. "Final Approval Hearing" shall mean the hearing before the Court where the Plaintiff will request a judgment to be entered by the Court approving the Settlement Agreement, approving the Fee Award, and approving the Service Award to the Class Representative.

24. "Final Approval Order and Judgment" shall mean an order that is entered by the Court approving the Settlement as fair, adequate, reasonable, and binding upon all Class Members who do not exclude themselves from the Settlement, entering judgment pursuant to this Agreement, dismissing the Action in accordance with Fed. R. Civ. P. 23(e), and in a form that is mutually agreeable to the Parties. A proposed version of the Final Order and Judgment shall be submitted to the Court substantially in the manner set forth in the form attached as Exhibit C, or as otherwise further agreed to by the Parties.

25. "Gross Settlement Fund" or "Settlement Fund" shall mean a cash settlement fund which the Settlement Administrator will establish from funds by Defendant in the amount of Two Hundred Ninety Five Thousand Dollars and Zero Cents ($295,000) (based upon $1,061.15 per person for 278 Class Members). The Gross Settlement Fund is the maximum amount that Defendant shall be obligated to pay under this Settlement, unless the Class Size is more than 278, in which case the Defendant will increase the Gross Settlement Fund by $1061.15 for each additional class member over 278.

26. "Net Settlement Fund" shall mean the Gross Settlement Fund minus Court awarded amounts for Settlement Administration Expenses, Plaintiff's Service Award, and Class Counsel's attorneys' fees and costs.

27. "Notice" shall mean the direct notice of this proposed Settlement, which is to be provided substantially in the manner set forth in this Agreement and Exhibit A and is consistent with the requirements of Due Process.

28. "Notice Date" shall mean the date the Notice is postmarked to be sent to the Class Members.

29. "Objection/Exclusion Deadline" shall mean the date by which a written objection to this Settlement Agreement or a request for exclusion submitted by a person within the Settlement Class must be postmarked and/or filed with the Court, which shall be

designated as a date approximately 45 days after the Notice Date, or such other date as ordered by the Court.

30.     "Parties" shall mean the Defendant and Plaintiff, collectively, but shall not include Cubex, LLC, Cubex Financial Services, Creekridge Capital, Mitsubishi HC Capital America, Inc. and their affiliates/related entities.  It is expressly agreed that Cubex, LLC, Cubex Financial Services, Creekridge Capital, Mitsubishi HC Capital America, Inc. and their affiliates/related entities are not a beneficiaries of this Agreement.

31.     "Plaintiff" or "Class Representative" shall mean the named class representative, Sierra Sambolin, and her heirs, successors, and assigns.

32.     "Preliminary Approval Order" shall mean the Court's Order preliminarily approving the Settlement Agreement, certifying the Settlement Class for settlement purposes, and directing notice of the Settlement to the Settlement Class substantially in the form of the Notice set forth in this Agreement.

33.     "Related Actions" shall mean any proceedings, other than the Underlying Action, that allege that Defendant violated BIPA or any related statutes or common law claims, that were or could have been brought by a Plaintiff who would be a Class Member. Related Actions does not include any claims against Cubex LLC, Cubex Financial Services, Creekridge Capital, Mitsubishi HC Capital America, Inc. and their affiliates/related entities.

34.     "Released Claims" for Class Members, including the named Plaintiff, shall mean any and all claims reasonably arising out of the Class Action Complaint in this lawsuit, or which could have been brought in this lawsuit relating to the collection of biometric information, including all allegations that were brought or could have been brought under BIPA, all allegations that Defendant improperly collected, stored, used, or transferred workers' biometric identifiers and information, including but not limited to claims arising under BIPA, and all other related federal, state, and local law, including common law, as well as related claims for liquidated or other damages, penalties, attorneys' fees and costs, expenses, and interest.  Released Claims does not include any claims against Cubex, LLC, Cubex Financial Services, Creekridge Capital, Mitsubishi HC Capital America, Inc. and their affiliates/related entities.

35.     "Released Parties" shall refer to Defendant and its present or former parent companies, subsidiaries, officers, directors, shareholders, principals, owners, members, trustees, administrators, executors, managers, board members, partners, related entities, affiliates, sister companies, agents, employees, attorneys, insurers, reinsurers, accountants, financial and other advisors, investment bankers, benefit plans  (and the trustees, administrators, fiduciaries, agents, representatives, insurers and reinsurers of such plans), underwriters, lenders, vendors, predecessors, assigns, successors, and all other persons and/or entities acting through, under, and/or in concert with any of the foregoing.  Released Parties expressly excludes Cubex, LLC, Cubex Financial Services, Creekridge Capital, Mitsubishi HC Capital America, Inc. and their affiliates/related entities.

36.    "Releasors" shall refer, jointly and severally, and individually and collectively, to the Plaintiff, the Class Members, and each of their respective, current, former, and future predecessors, successors, heirs, beneficiaries, conservators, executors, administrators, assigns, attorneys, agents, and all other persons or entities acting or claiming by, through, under, on behalf of, or in concert with any of them.

37.    "Service Award" shall have the meaning ascribed to it as set forth in Section XV of this Agreement.

38.    "Settlement Administrator" shall mean, subject to Court approval, Analytics Consulting, LLC, or any other entity selected and supervised by the Parties' Counsel to administer the Settlement.

## III.    SETTLEMENT CLASS CERTIFICATION

39.    For the purposes of the Settlement only, the Parties stipulate and agree that: (1) the Class shall be certified in accordance with the definition contained herein; (2) Plaintiff shall represent the Class for settlement purposes and shall be the Class representative; and (3) Plaintiff's Counsel shall be appointed as Class Counsel.

40.    Defendant does not consent to certification of the Class for any purpose other than to effectuate the Settlement. If the Court does not enter a Final Approval Order, or if for any other reason the Settlement does not become Final, is successfully objected to, or challenged on appeal, any certification of any Class will be vacated and the Parties will be returned to their positions with respect to the Action as if the Agreement had not been entered into.  In the event that a Final Approval Order is not entered or the Settlement is not Final: (i) any Court orders preliminarily or finally approving the certification of any class contemplated by this Agreement shall be null, void, and vacated, and shall not be used or cited thereafter by any person or entity; and (ii) the fact of the Settlement reflected in this Agreement, that Defendant did not oppose the certification of a Class under this Agreement, or that the Court preliminarily approved the certification of a Class, shall not be used or cited thereafter by any person or entity, including in any manner whatsoever, including without limitation any contested proceeding relating to the certification of any class.

41.    Subject to Court approval, the following Settlement Class shall be certified for settlement purposes only:

> All individuals who, during the Class Period, used the Biometric System at Defendant Ethos Veterinary Health LLC's facilities within the state of Illinois and who appear on the Class List.

42.    Excluded from the Settlement Class are all persons who elect to exclude themselves from the Settlement Class and the legal representatives, heirs, successors, or assigns of any such excluded persons, and the Court and staff to whom this case is assigned, and any member of the Court's or staff's immediate family.

## IV.     SETTLEMENT OF UNDERLYING ACTION AND ALL CLAIMS AGAINST RELEASED PARTIES

43.     Final Approval of this Settlement Agreement will settle and resolve with finality on behalf of the Plaintiff and the Settlement Class, the Litigation, and the Released Claims and any other claims that have been brought, could have been brought, or could be brought now or at any time in the future against the Released Parties by the Releasing Parties in the Litigation or in any other proceeding arising out of, in any matter related to, or in any matter connected in any way with the Released Claims.

## V.     SETTLEMENT AMOUNT AND ALLOCATION

### 44. Establishment of the Gross Settlement Fund

a.     Within fourteen (14) days of the Effective Date, Defendant shall pay the total sum of the Gross Settlement Fund to the Settlement Administrator. Provided that this Agreement is finally approved by the Court without material change, material amendment, or material modification, the Gross Settlement Fund will be used to satisfy all payments contemplated by this Agreement in exchange for a comprehensive release and the covenants set forth in this Agreement, including, without limitation, a full, fair and complete release of all Released Parties from Released Claims, and dismissal of Defendant from the Underlying Action with prejudice.

b.     The funds provided by Defendant to the Settlement Administrator will be maintained by an escrow agent as a Court-approved Qualified Settlement Fund pursuant to Section 1.468B-1 et seq. of the Treasury Regulations promulgated under Section 468B of the Internal Revenue Code of 1986, as amended, and shall be deposited in an interest-bearing account.

c.     If a Final Approval Order is not entered by the Court finally approving the Settlement, or if this Settlement does not become Final, the Gross Settlement Fund and interest earned thereon belongs to Defendant, less any Administrative Expenses paid to date. Plaintiff shall have no financial responsibility for any Administrative Expenses paid out of the Gross Settlement Fund in the event that the Settlement Agreement is not finally approved.

d.     The Gross Settlement Fund shall be used to pay (i) Settlement Class Members; (ii) the Service Award to the Class Representative; (ii) the Fee Award; and (iv) costs of administration of the Agreement to the Settlement Administrator, including without limitation payment of Administrative Expenses. Any remaining funds will be paid as provided for in paragraph 46(c) below.

e.     Administrative Expenses, and any award of attorneys' fees or any other fees, costs, or benefits otherwise awarded in connection with the Settlement Agreement, shall be payable solely out of the Gross Settlement Fund.

f.     The Gross Settlement Fund represents the total extent of the Released Parties' monetary obligations under the Settlement Agreement. Defendant's contribution to the Gross Settlement Fund shall be fixed under this Section and be final.  Released Parties shall have no obligation to make further payments into the Settlement Fund and shall have no financial responsibility or obligation relating to the settlement beyond the Gross Settlement Fund.

45.    **Steps Necessary to Obtain Preliminary Approval by the Court**

a.     **Unopposed Motion for Preliminary Approval of the Settlement by the Court.**

i.     Plaintiff will circulate proposed unopposed motions for Settlement approval in advance of filing and Defendant will have adequate opportunity to review and provide suggested edits. Defendant retains the right to oppose the Preliminary Approval Motion in the event Defendant's suggested edits to the Preliminary Approval Motion are not adopted.

ii.    Plaintiff will file the motion for an order conditionally certifying the Class for settlement purposes, giving Preliminary Approval of the Settlement, setting a date for the Final Approval Hearing, and approving the Class Notice (the "Unopposed Motion for Preliminary Approval").

iii.   For the purposes of the Settlement and the proceedings contemplated herein only, the Parties stipulate and agree that the Class shall be conditionally certified in accordance with the Class definition contained above, that Plaintiff shall be conditionally appointed class representative for the Class, and that Plaintiff's Counsel shall be conditionally appointed as counsel for the Class. Should the Court decline to preliminarily approve any aspect of the Settlement, the Parties shall attempt to renegotiate those aspects of the Settlement in good faith, with the mutual goal of attempting to reach an agreement as close to this Settlement as possible and will then submit the renegotiated Settlement to the Court for preliminary approval. If the Parties are unable to reach an agreement on a subsequent settlement or obtain preliminary approval of a Settlement after attempting to renegotiate, the Settlement will be null and void, and the Parties will have no further obligations under it, and the Parties will revert to their prior positions in the Action as if the Settlement had not occurred.

46.    **Direct Checks Without a Claims Process.**

a.     Settlement Class Members do not need to submit a claim form or any information to participate in the Settlement or to otherwise receive payments from the Settlement Fund. Payments to Settlement Class Members will be paid pro rata via direct checks from a Net Settlement Fund to all Settlement Class Members who do not timely opt out of the settlement. The Net Settlement Fund is the Gross Settlement Fund minus Court

awarded amounts for Settlement Administration Expenses, Named Plaintiff's Service Award, and Class Counsel's attorneys' fees and costs. Payment will be made via direct checks to Settlement Class Members.

b.     The Settlement Administrator shall notify the Parties that Settlement Class Members have been paid within five (5) business days of the last such payment.

c.     In the event that checks sent to Settlement Class Members are not cashed within 120 days from the date of issuance, whether because the checks were not received or otherwise, those checks will become null and void, such funds shall be distributed to *cy pres* recipient Electronic Frontier Foundation, subject to approval of the Court.

47.    **Tax Treatment.**

a.     Class Members' payments and Plaintiff's Service Award will be classified as non-wage income, and the Settlement Administrator will report the payments on a 1099 form, if required by law. The Settlement Administrator shall be responsible for making all reporting with respect to all amounts payable under this Settlement as required pursuant to any federal, state, or local tax law or regulation hereunder under the EIN of the Escrow Account. The Settlement Administrator shall also be responsible for filing and sending Form 1099 to any applicable recipient of any payment made pursuant to this Agreement. The Settlement Administrator shall handle all tax reporting with respect to the payments made pursuant to the Settlement and shall report the payments in accordance with applicable law. Plaintiff and each Class Member will be solely responsible for all taxes, interest, penalties, or other amounts due with respect to any payment received pursuant to the Settlement. Plaintiff, on behalf of all Class Members, acknowledges and agrees that she has not relied upon any advice from Defendant or Defendant's Counsel as to the taxability of any payments made or received pursuant to the Settlement.

## VI.    **PROSPECTIVE RELIEF**

48.    Without admitting any liability or that it is required by law to do so, Defendant represents that before the Effective Date, it will implement procedures that comply with BIPA.

## VII.    **RELEASE**

49.    In addition to the effect of any final judgment entered in accordance with this Agreement, upon final approval of this Agreement, and for other valuable consideration as described herein, Released Parties shall be completely released, acquitted, and forever discharged from any and all Released Claims.

50.    Upon the Effective Date, and with the approval of the Court, all Releasors (who have not validly opted out of the Class pursuant to Section X below) and any person claiming through or on behalf of them, shall be deemed to have fully, finally, and forever released, waived, discharged, surrendered, foregone, relinquished, abandoned, and

canceled any and all Released Claims against Released Parties. Upon the Effective Date, all Releasors will be forever barred and enjoined from prosecuting any action against the Released Parties asserting any and/or all Released Claims.

51. Each Releasor waives any and all defenses, rights, and benefits that may be derived from the provisions of applicable law in any jurisdiction that, absent such waiver, may limit the extent or effect of the release contained in this Agreement.

52. In addition to the release all Releasors are making, Plaintiff Sierra Sambolin also agrees to a general release of any and all claims, known and unknown, against the Released Parties which shall become effective upon final approval of this settlement. The general release applies to any and all claims that were brought or could have been brought on any subject in any forum up until the time of final approval. This release does not apply to claims that arise from conduct occurring after final approval and Sambolin's currently pending individual claim that will be subject to its own concurrent settlement and release. It is expressly agreed that Cubex, LLC, Cubex Financial Services, Creekridge Capital, Mitsubishi HC Capital America, Inc. and their affiliates/related entities are not a beneficiary of the releases discussed in this Paragraph.

## VIII. <u>PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER</u>

53. This Settlement shall be subject to approval of the Court. The Parties shall have the right to withdraw from the Settlement if the Court does not approve the Settlement.

54. Plaintiff, through Class Counsel, shall submit this Agreement, together with its Exhibits, to the Court and shall move the Court for Preliminary Approval of the settlement set forth in this Agreement, certification of the Settlement Class for settlement purposes only, appointment of Class Counsel and the Class Representative, and entry of the Preliminary Approval Order, substantially in the form of Exhibit B, which order shall seek a Final Approval Hearing date and approve the Notices for dissemination in accordance with the Notice plan.

55. At the time of the submission of this Settlement Agreement to the Court as described above, the Parties shall request that, after Notice is given, the Court hold a Final Approval Hearing approximately ninety (90) days after entry of the Preliminary Approval Order and approve the settlement of the Underlying Action as set forth herein.

56. At least seven (7) days prior to the Final Approval Hearing, or by some other date if so directed by the Court, Plaintiff will move for: (i) final approval of the Settlement; (ii) final appointment of the Class Representative and Class Counsel; and (iii) final certification of the Settlement Class for settlement purposes only, including for the entry of a Final Order and Judgment in substantially the same form as the proposed Final Order and Judgment attached hereto as Exhibit C, and file a motion and memorandum for final approval.

## IX.    NOTICE TO PROPOSED SETTLEMENT CLASS MEMBERS

57. **List or Other Means of Class Identification.**

a.    Within fourteen (14) days after entry of the Preliminary Approval Order, Defendant will provide an Excel spreadsheet to the third-party Settlement Administrator with Class Members' contact information (names, last known mailing addresses) ("Class List"). Defendant will provide the last four digits of any Class Member's social security number to the settlement administrator only upon the Settlement Administrator's request in the event the Settlement Administrator deems it necessary to track down a class member. The Class List will be treated as confidential, and cannot be used for any purpose outside of this settlement. If the last known mailing address is missing from the Class List for more than 5% of the Class Members, Defendant will inform Class Counsel immediately and work with Class Counsel to contact any third parties for the information or take any other reasonable steps to obtain contact information for the Class. However, even if the last known mailing address of each Class Member as provided by Defendant is incorrect or no longer accurate for any reason, Defendant has no further obligation to do anything with respect to providing or obtaining contact information. Where applicable, it is the Settlement Administrator's obligation to use reasonable efforts to skip trace or otherwise obtain updated addresses for each Class Member.

58. **Type of Notice Required**

a.    The Notice, which shall be substantially in the form of Exhibit A hereto, shall be used prior to the Final Approval Hearing for the purpose of informing proposed Settlement Class Members that there is a pending settlement and advise them regarding how to: (a) protect their rights regarding the settlement; (b) request exclusion from the Settlement Class and the proposed settlement, if desired; (c) object to any aspect of the proposed settlement, if desired; and (d) participate in the Final Approving Hearing, if desired. The Notice shall make clear the binding effect of the settlement on all persons who do not timely request exclusion from the Settlement Class.

b.    Dissemination of the Notice shall be the responsibility of the Settlement Administrator.  The text of the Notice shall be agreed upon by the Parties and shall be substantially in the form attached as Exhibit A hereto.   A copy of the Notice and relevant Court documents shall also be post online at www.fishlawfirm.com/premierbipasettlement

c.    Individual Notice (substantially in the form of Exhibit A shall) be sent via Direct mail. Distribution shall be the responsibility of the Settlement Administrator. The text of the Notice shall be agreed upon by the parties.

59. **Notice Deadline**

a.    Within 21 days of entry of the Preliminary Approval Order, the Settlement Administrator shall disseminate by U.S. Mail the Notice, in the form of Exhibit A to Settlement Class Members identified on the Class List.

## X.  EXCLUSIONS

### 60. Exclusion Period

a.      Persons who otherwise would be Settlement Class Members will have up to and including sixty (60) days following the Notice Date to exclude themselves from the Settlement in accordance with this Section.  If the Settlement is finally approved by the Court, all Settlement Class Members who have not validly and timely opted out by the end of the Objection/Exclusion Deadline will be bound by the Settlement and will be deemed a Releasor as defined herein, and the relief provided by the Settlement will be their sole and exclusive remedy for the Released Claims.

### 61. Exclusion Process

a.      Persons who otherwise would be a member of the Settlement Class may request to be excluded from the Settlement Class in writing by a request postmarked on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice.

b.      In order to exercise the right to be excluded, persons who otherwise would be a member of the Settlement Class must timely send a written request for exclusion to the Settlement Administrator providing the proposed Settlement Class Member's name, address, and telephone number; the name and number of this case (as identified in the Notice); a statement that the proposed Settlement Class Member wishes to be excluded from the Settlement Class; and a signature. A request to be excluded that is sent to an address other than the address designated in the Class Notice, or that is not postmarked within the time specified, shall be invalid and the person serving such a request shall be considered a member of the Settlement Class and shall be bound by the Agreement, if approved by the Court.

c.      Any person who otherwise would be a member of the Settlement Class who elects to be excluded shall not: (i) be bound by any order or the Judgment; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Settlement Agreement; or (iv) be entitled to object to any aspect of this Settlement Agreement. A person who otherwise would be a member of the Settlement Class who requests to be excluded from the Settlement Class cannot also object to the Settlement.

d.      The request for exclusion must be personally signed by the person who otherwise would be eligible to be Settlement Class Member requesting exclusion.  So-called "mass" or "class" exclusion requests shall not be allowed.

e.      Within three (3) business days after the Objection/Exclusion Deadline, the Settlement Administrator shall provide Class Counsel and Defendant's Counsel a written list reflecting all timely and valid exclusions from the Settlement Class with copies of each such request for exclusion.

f.      A list reflecting all individuals who timely and validly excluded themselves from the Settlement shall also be filed with the Court at the time of the motion for final approval of the settlement.

## XI.      **OBJECTIONS**

62.      The Notice shall advise Settlement Class Members of their rights, including the right to be excluded from or object to the Settlement Agreement and its terms.  The Notices shall specify that any objection to this Settlement Agreement, and any papers submitted in support of said objection, shall be considered by the Court at the Final Approval Hearing, only if, on or before the Objection/Exclusion Deadline approved by the Court, the person making an objection shall file notice of their intention to do so and at the same time: (i) file copies of such papers they propose to submit at the Final Approval Hearing with the Clerk of the Court; and (ii) send copies of such papers via United States mail, courier, or overnight delivery to both Class Counsel and Defendant's Counsel. A copy of the objection must also be mailed to the Settlement Administrator at the address that the Settlement Administrator will establish to receive requests for exclusion or objections, and any other communication relating to this Settlement.

63.      Any Settlement Class Member who intends to object to this Settlement must include in any such objection: (i) their full name, address, and current telephone number; (ii) the case name and number of this Underlying Action; (iii) the date range during which they worked for Defendant; (iv) all grounds for the objection, with factual and legal support for the stated objection, including any supporting materials; (v) if applicable, the identification of any other objections they have filed, or has had filed on their behalf, in any other class action cases in the last four years; and (vi) the objector's signature. If represented by counsel, the objecting Settlement Class Member must also provide the name, email address, and telephone number of their counsel. If the objecting Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel, they must state as such in the written objection, and must also identify any witnesses they may call to testify at the Final Approval Hearing and all exhibits they intend to introduce into evidence at the Final Approval Hearing, which must also be attached to, or included with, the written objection.

64.      Any Settlement Class Member who fails to timely file and serve a written objection and notice of intent to appear at the Final Approval Hearing pursuant to this Agreement, shall not be permitted to object to the approval of the Settlement at the Final Approval Hearing and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by appeal or other means.

65.      The Parties will request that the Court, within its discretion, exercise its right to deem any objection as frivolous and award appropriate costs and fees to the Parties opposing such objection(s).

## XII.      **FINAL APPROVAL HEARING**

66.     The Parties will jointly request that the Court hold a Final Approval Hearing at least ninety (90) days after entry of the Preliminary Approval Order.  At the Final Approval Hearing, the Plaintiff and Class Counsel will request that the Court consider whether the Settlement Class should be certified as a class for settlement and, if so; (i) consider any timely and properly-filed objections; (ii) determine whether the Settlement is fair, reasonable and adequate, was entered into in good faith and without collusion, and should be approved, and shall provide findings in connections therewith; and (iii) enter the Final Approval Order, including final approval of the Settlement Class and the Settlement Agreement, and a Fee Award.

## XIII.  FINAL APPROVAL ORDER

67.     Plaintiff shall seek entry of a Final Approval Order, the substance of which the Parties shall mutually agree upon. The dismissal orders, motions, or stipulation to implement this Section shall, among other things, seek or provide for a dismissal of the Underlying Action with prejudice and waiving any rights of appeal.

68.     The Plaintiff shall submit to the Court a proposed order, substantially in the form attached hereto as Exhibit C, that, without limitation:

a.      Finally approves this Agreement and its terms as being a fair, reasonable, and adequate settlement as to the Settlement Class Members and directing its consummation according to its terms; and

b.      Dismisses, with prejudice, all claims of the Settlement Class against Defendant in the Underlying Action, without costs and fees except as explicitly provided for in this Agreement.

69.     Class Counsel shall use their best efforts to obtain dismissal with prejudice of the Underlying Action and take all reasonable steps necessary and appropriate to otherwise effectuate all aspects of this Agreement.

## XIV.  TERMINATION OF THE SETTLEMENT

70.     The Settlement is conditioned upon preliminary and final approval of the Parties' written Settlement Agreement, and all terms and conditions thereof without material change, material amendments, or material modifications by the Court (except to the extent such changes, amendments or modifications are agreed to in writing between the Parties).  All Exhibits attached hereto are incorporated into this Settlement Agreement. Accordingly, this Settlement Agreement shall be terminated and canceled within ten (10) days of any of the following events:

a.      If more than 5% of class opts out, Defendant—at its sole discretion—has the option to terminate or renegotiate the settlement, minus payment of Administration Expenses expended for Notice distribution.   Defendant may

terminate the Settlement by serving written notice of termination on the Court and Plaintiff's Counsel on or before five (5) business days after the receipt of all of the copies of the requests for exclusion, on or before five (5) business days after the Court grants additional time for exclusion for any reason, or on or before three (3) business days before the Final Approval Hearing, whichever occurs last.

b.      This Settlement Agreement is changed in any material respect to which the Parties have not agreed in writing;

c.      The Court refuses to grant Preliminary Approval of this Agreement;

d.      The Court refuses to grant Final Approval of this Agreement in any material respect;

e.      The Court refuses to enter a final judgment in this Underlying Action in any material respect;

f.      The Settlement does not become Final for any reason, including, without limitation, in the event the Final Approval Order and Judgment is reversed or vacated following any appeal taken therefrom.

71.      In the event the Settlement Agreement is not approved or does not become Final, or the Settlement is terminated consistent with this Settlement Agreement, the Parties, pleadings, and proceedings will return to the *status quo ante* as if no settlement had been negotiated or entered into, the Gross Settlement Fund and interest earned thereon will belong to Defendant less any Administrative Expenses paid to date; and the Parties will negotiate in good faith to establish a new schedule for the Underlying Action.

## XV.      ATTORNEYS' FEES, COSTS, AND EXPENSES, AND SERVICE AWARD

72.      Defendant agrees not to oppose Class Counsel's request for attorneys' fees plus their unreimbursed litigation costs in an amount not more than one-third (33.33%) of the Gross Settlement Fund. Any fees or costs not awarded will be added to the Net Fund to be distributed to class members. This amount shall not be an additional expense of Defendant but shall be paid out of the Gross Settlement Fund.

73.      Notwithstanding any contrary provision of this Agreement, the Court's consideration of the Fee Award is to be conducted separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement Agreement, and any award made by the Court with respect to Class Counsel's attorneys' fees or expenses, or any proceedings incident thereto, including any appeal thereof, shall not operate to terminate or cancel this Agreement or be deemed material thereto.

74.      Class Counsel shall provide the Settlement Administrator with its completed IRS Form W-9 at least seven (7) business days prior to the payment of the Fee Award is due. Within fourteen (14) days after the Effective Date, the Settlement

Administrator shall pay to Class Counsel from the Gross Settlement Fund the amount awarded by the Court in the Fee Award. Any payment of the Fee Award shall be paid via paper check or by electronic wire transfer to an account designated by Class Counsel.

75.     Prior to or at the same time as Plaintiff seeks final approval of the Settlement Agreement, Class Counsel shall move the Court for a Service Award for the Class Representative in an amount not to exceed Seven Thousand Five Hundred Dollars and Zero Cents ($7,500.00), and Defendant agrees that it will not oppose such a request. This amount shall not be an additional expense of Defendant but shall be paid out of the Gross Settlement Fund. If the Court does not approve any Service Award for the Class Representative, or if the Court approves any Service Award in an amount less than Seven Thousand Five Hundred Dollars and Zero Cents ($7,500.00) for the Class Representative, any requested funds not awarded are to be added to the Net Settlement Fund to be distributed to the Class Members.

76.     In no event will Defendant's liability for attorneys' fees, expenses, and costs, settlement administration costs, and/or Service Award exceed its funding obligations set out this Agreement. Defendant shall have no financial responsibility for this Settlement Agreement outside of the Gross Settlement Fund. Defendant shall have no further obligation for attorneys' fees or expenses to any counsel representing or working on behalf of either one or more individual Settlement Class Members or the Settlement Class. Defendant will have no responsibility, obligation, or liability for allocation of fees and expenses among Class Counsel.

## XVI.    <u>MISCELLANEOUS REPRESENTATIONS</u>

77.     The Parties agree that the Settlement Agreement provides fair, equitable, and just compensation, and a fair, equitable, and just process for determining eligibility for compensation for any given Settlement Class Member related to the Released Claims.

78.     The Parties (i) acknowledge that it is their intent to consummate this Settlement Agreement, and (ii) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Agreement. Class Counsel and Defendant's Counsel agree to cooperate with each other in seeking Court approval of the Preliminary Approval Order, the Settlement Agreement, and the Final Approval Order, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Settlement.

79.     The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiff and the Settlement Class, and each or any of them, on the one hand, and against and among the Released Parties, and each or any of the Released Parties, on the other hand. Accordingly, the Parties agree not to assert in any forum that the Underlying Action was

brought by Plaintiff or defended by Defendant, or each or any of them, in bad faith or without a reasonable basis.

80.     Nothing express or implied in this Agreement is intended or shall be construed to confer upon or give any person or entity other than the Parties, Released Parties, and Settlement Class Members any right or remedy under or by reason of this Agreement.  Each of the Released Parties is an intended third-party beneficiary of this Agreement with respect to the Released Claims and shall have the right and power to enforce the release of the Released Claims in his, her, or its favor against all Releasors. Cubex, LLC, Cubex Financial Services, Creekridge Capital, Mitsubishi HC Capital America, Inc. and their affiliates/related entities have no rights under this Agreement.

81.     The Parties have relied upon the advice and representation of counsel, selected by them, concerning their respective legal liability for the claims hereby released. The Parties have read and understand fully this Settlement Agreement, including its Exhibits, and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

82.     Any headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

83.     The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any prior or subsequent breach of this Agreement.

84.     This Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements, and undertakings with respect to the matters set forth herein.  No representations, warranties, or inducements have been made to any Party concerning this Agreement or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.

85.     This Agreement may not be amended, modified, altered, or otherwise changed in any manner except by a written instrument signed by or by authorized representatives on behalf of each Party or their respective successors-in-interest.

86.     The Parties agree that Exhibits A through C to this Settlement Agreement are material and integral parts thereof and are fully incorporated herein by this reference.

87.     The Parties may agree, subject to the approval of the Court where required, to reasonable extensions of time to carry out the provisions of the Agreement.

88.     Except as otherwise provided herein, each Party shall bear its own costs.

89.     Plaintiff represents and warrant that she has not assigned any claim or right or interest therein as against the Released Parties to any other person or party.

90. The Parties represent that they have obtained the requisite authority to enter this Settlement Agreement in a manner that binds all Parties to its terms.

91. The Parties specifically acknowledge, agree, and admit that this Settlement Agreement and its Exhibits, along with all related drafts, motions, pleadings, conversations, negotiations, correspondence, orders, or other documents shall be considered a compromise within the meaning of Illinois Rules of Evidence Rule 408, and any other equivalent or similar rule of evidence, and shall not: (i) constitute, be construed, be offered, or received into evidence as an admission of the validity of any claim or defense, or the truth of any fact alleged or other allegation in the Underlying Action or in any other pending or subsequently filed action, or of any wrongdoing, fault, violation of law, or liability of any kind on the part of any Party; or (ii) be used to establish a waiver of any defense or right, or to establish or contest jurisdiction or venue.

92. The Parties also agree that this Settlement Agreement and its Exhibits, along with all related drafts, motions, pleadings, conversations, negotiations, correspondence, orders or other documents entered in furtherance of this Settlement Agreement, and any acts in the performance of this Settlement Agreement are not intended to establish grounds for certification of any class involving any Settlement Class Member other than for certification of the Settlement Class for settlement purposes.

93. This Settlement Agreement, whether approved or not approved, revoked, or made ineffective for any reason, and any proceedings related to this Settlement Agreement and any discussions relating thereto shall be inadmissible as evidence of any liability or wrongdoing whatsoever and shall not be offered as evidence of any liability or wrongdoing in any court or other tribunal in any state, territory, or jurisdiction, or in any manner whatsoever. Further, neither this Settlement Agreement, the Settlement contemplated by it, nor any proceedings taken under it, will be construed or offered or received into evidence as an admission, concession, or presumption that class certification is appropriate, except to the extent necessary to consummate this Agreement and the binding effect of the Final Order and Judgment.

94. The provisions of this Settlement Agreement, and any orders, pleadings or other documents entered in furtherance of this Settlement Agreement, may be offered or received in evidence solely: (i) to enforce the terms and provisions hereof or thereof; (ii) as may be specifically authorized by a court of competent jurisdiction after an adversary hearing upon application of a Party hereto; (iii) in order to establish payment, or an affirmative defense of preclusion or bar in a subsequent case; (iv) in connection with any motion to enjoin, stay, or dismiss any other action; or (v) to obtain Court approval of the Settlement Agreement.

95. This Agreement may be executed in one or more counterparts exchanged by mail or PDF as an electronic mail attachment. All executed counterparts and each of them shall be deemed to be one and the same instrument, provided that counsel for the Parties to this Agreement all exchange signed counterparts.

96.     This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto and the Released Parties.

97.     Plaintiff and all other Class Members will be solely responsible for all taxes, interest, penalties, or other amounts due with respect to any payment received pursuant to the Settlement, and shall defend, indemnify, and hold harmless Released Parties in relation to any claim relating to the same.

91.     This Agreement shall be governed by and construed in accordance with the laws of the state of Illinois.

92.     This Agreement is deemed to have been prepared by counsel for all Parties as a result of arms-length negotiations among the Parties. Whereas all Parties have contributed substantially and materially to the preparation of this Agreement and its Exhibits, it shall not be construed more strictly against one Party than another.

93.     Unless otherwise stated herein, any notice required or provided for under this Agreement shall be in writing and shall be sent by electronic mail or hand delivery, postage prepaid, as follows:

| If to Class Counsel: | If to Defendant's Counsel: |
|---|---|
| Mara Baltabols<br>Fish Potter Bolaños, P.C.<br>111 E. Wacker Dr., Suite 2300<br>Chicago, Illinois 60601<br>admin@fishlawfirm.com | Scott O. Luskin<br>Payne & Fears<br>200 N. Pacific Coast Highway, Suite 823<br>El Segundo, CA 90245<br>sol@paynefears.com |

94.     This Agreement shall be deemed executed as of the date that the last party signatory signs the Agreement.

IN WITNESS HEREOF, the undersigned have caused this Settlement Agreement to be executed as of the dates set forth below.

**[SIGNATURES ON FOLLOWING PAGE]**

**CLASS COUNSEL:**

DATED:                    FISH POTTER BOLAÑOS, LLC


By:     _____
        *Attorneys for Plaintiff and the Settlement Class*

**PLAINTIFF:**

DATED:


By:     Sierra Sambolin


**DEFENDANT:**

DATED:

By:     _____
        Ethos Veterinary Health, LLC d/b/a Premier
        Veterinary Group   ERIC A. SMITH - GENERAL COUNSEL


4866-7882-3258.7

**CLASS COUNSEL**:

DATED: 05/12/2023 15:29 UTC          FISH POTTER BOLAÑOS, LLC

                                     By: *David Fish*
                                          _____
                                          *Attorneys for Plaintiff and the Settlement Class*

**PLAINTIFF:**

DATED: 05/12/2023 15:26 UTC

                                          *Sierra Sambolin*
                                          _____
                                     By:  Sierra Sambolin


**DEFENDANT:**

DATED:

                                     By:  _____
                                          Ethos Veterinary Health, LLC d/b/a Premier
                                          Veterinary Group


4866-7882-3258.7

EXHIBIT A

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOU MAY BE ENTITLED TO A CASH PAYMENT FROM A CLASS ACTION SETTLEMENT IF YOU USED A FINGERPRINT SCAN ON A CUBEX MACHINE AT ANY TIME BETWEEN MAY 19, 2017 AND APRIL 10, 2023. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION WHETHER OR NOT YOU ACT.**

*This is a court-authorized notice of a proposed class action settlement. This is not a solicitation from a lawyer and is not notice of a lawsuit against you.*

### What is this Notice About?

A proposed settlement has been reached in a class action lawsuit against Ethos Veterinary Health, LLC d/b/a Premier Veterinary Group ("Defendant") regarding the fingerprint scan on the Cubex medication dispenser that Defendant's employees used, which Plaintiff claims were allegedly in violation of the Illinois Biometric Information Privacy Act ("BIPA"). The case is entitled *Sambolin v. Ethos Veterinary Health, LLC, et al.*, Case No. 22-cv-03276, pending in the U.S. District Court for the Northern District of Illinois (the "Court"). The proposed settlement is not an admission of wrongdoing by the Defendant, and the Defendant denies that it violated the law. The Court has not decided who is right or wrong. Rather, to save the time, expense, and distraction of litigation, the parties have agreed to settle the lawsuit. The settlement has been preliminarily approved by a court in Chicago, Illinois.

### Am I a Member of the Settlement Class?

You are a member of the Settlement Class if, at any time between May 19, 2017 and April 10, 2023, you worked for Defendant in Illinois, and used the Cubex system.

### What Can I Get From the Proposed Settlement?

Defendant has agreed to create a fund totaling $295,000 from which all payments contemplated by the Settlement Agreement will be paid, including: (a) Service Award to Plaintiff, Sierra Sambolin, in an amount up to $7,500; (b) reasonable attorneys' fees to Class Counsel not to exceed one-third of the Settlement Fund plus reimbursement of reasonable costs; (c) costs incurred by or on behalf of the Settlement Administrator in administrating the settlement; and (d) an equal share of the remaining Settlement Fund to each Settlement Class Member.

The Settlement Administrator will issue a check to each Class Member who does not timely and validly exclude themselves following the final approval of the settlement. It is believed that each Class Member will receive approximately $635.00 from the Settlement Fund, but the exact amount is not yet known and could be more or less.

**Who Represents the Class?**

The Court has approved the following law firm to represent the Settlement Class, which is referred to as "Class Counsel," Fish Potter Bolaños, P.C., 111 E. Wacker Dr., Ste. 2300, Chicago, IL 60601, admin@fishlawfirm.com, (312) 861-1800. You will not be charged for this lawyer. If you want to be represented by your own lawyer instead, you may hire one at your own expense.

**What Are Your Options?**

1.      If you want to participate in the settlement and receive a settlement payment, you do not need to do anything. A check will be mailed to you if the Court grants final approval of the settlement.

2.      If you do not want to be legally bound by the settlement, you must exclude yourself by [45 days of the Notice date].  To do so, you must mail your written request for exclusion to the Settlement Administrator, Analytics Consulting, LLC, at the address listed below, postmarked on or before the deadline. Your written request for exclusion must identify the name of the case and case number, *Sambolin v. Ethos Veterinary Health, LLC, et al.*, Case No. 22-cv-03276 (N.D. Ill.), include your full name, current address, telephone number, a statement that you wish to be excluded from the settlement, and your signature. If you exclude yourself, you will not receive money from this settlement, but you will retain your legal rights regarding any claims that you may have against the Defendant.

3.      You may object to the settlement by [45 days of the Notice Date] if you have not already excluded yourself from the settlement. If you want to object to the settlement, you must file the objection with the United States District Court and courier,  or first-class U.S. mail postmarked by the deadline a copy of your objection to Class Counsel and Defendant's Counsel at the addresses below by [45 days from of the Notice Date].

| Class Counsel | Defendant's Counsel |
|---|---|
| Mara Baltabols | Scott O. Luskin |
| Fish Potter Bolaños, P.C. | Payne & Fears |
| 111 E. Wacker Dr., Suite 2300 | 200 N. Pacific Coast Highway, Suite 823 |
| Chicago, IL 60601 | El Segundo, CA 90245 |
| admin@fishlawfirm.com | sol@paynefears.com |

The written objection must include the case name and number, *Sambolin v. Ethos Veterinary Health, LLC, et al.*, Case No. 22-cv-03276 (N.D. Ill.), your full name, current address, and telephone number, date range in which you worked for Defendant, all grounds for the objection, including all supporting materials, name, and contact information of your attorney, if any, identification of any other objections that you have filed in other class action cases, a statement as to whether you intend to appear at the Final Approval hearing, including a list of any witnesses that you may call to testify, as well as any exhibits you intend to introduce, and your signature. You may obtain court records for this case, along with a copy of the Settlement Agreement, from the Clerk of Court.

### How do I update my Contact Information?

You must notify the Settlement Administrator of any changes in your mailing address so that your settlement award will be sent to the correct address. To update your address, contact Analytics Consulting, LLC, the Settlement Administrator, at the contact listed below.

### When is the Final Approval Hearing?

The Court will hold a final approval hearing in this case on **_____, 2023 at 9:00 a.m.**, in Courtroom 1925 of the Everette McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604, by phone conference or other remote means as ordered by the Court, to consider, among other things, (1) whether to approve the settlement; (2) a request by Class Counsel for an award of no more than one third of the Settlement Fund plus reasonable costs; and (3) a request for a Service Award of $7,500 for the Class Representative. You may appear at the hearing, but you are not required to do so unless you object.

If you have any questions or for more information, or to update your mailing address, contact the Settlement Administrator or Class Counsel at:

| Settlement Administrator | Class Counsel |
|---|---|
| | David Fish |
| | Mara Baltabols |
| | Fish Potter Bolaños, P.C. |
| | 111 E. Wacker Dr., Suite 2300 |
| | Chicago, IL 60601 |
| | admin@fishlawfirm.com |
| | (312) 861-1800 |

For more information, please visit www.fishlawfirm.com/premierbipasettlement or contact the Settlement Administrator or Class Counsel at the information above. Please do not call the Judge, the Clerk of the Court, or Defendant's Counsel about this case.

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Action as to the Defendant or the merits of the claims or defenses asserted by or against the Defendant. This Notice is solely to advise you of the proposed Settlement of the Action and of your rights in connection therewith.

4856-7350-1018.6

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SIERRA SAMBOLIN, *individually and on behalf of all others similarly situated*,<br><br>*Plaintiff,*<br><br>v.<br><br>ETHOS VETERINARY HEALTH, LLC d/b/a PREMIER VETERINARY GROUP,<br><br>*Defendants,*<br><br>CUBEX, LLC,<br><br>*Respondent in Discovery.* | Case No.: 22-cv-03276<br><br>Hon. Mary M. Rowland |

## <u>PRELIMINARY APPROVAL ORDER</u>

This matter having come before the Court on Plaintiff's Unopposed Motion and Memorandum in Support of Preliminary Approval of Class Action Settlement of the above-captioned matter (the "Action") between Plaintiff SIERRA SAMBOLIN ("Plaintiff"), and ETHOS VETERINARY HEALTH, LLC d/b/a PREMIER VETERINARY GROUP ("Defendant") (collectively, the "Parties"), as set forth in the Class Action Settlement Agreement, between Plaintiff and Defendant (the "Settlement Agreement"), and the Court having considered the papers filed and proceedings in this matter, and being fully advised in the premises, IT IS HEREBY ORDERED, as follows:

1.  Capitalized terms not defined in this Order are defined in the Parties' Settlement Agreement.

1

2.      The Court finds, on a preliminary basis, that the Settlement is fair, reasonable, and adequate.

3.      The Settlement Agreement was negotiated at arm's-length between counsel for the Parties who are experienced in class action litigation.

4.      The Court finds, on a preliminary basis, that Class Counsel has adequately represented the proposed Class Members.

5.      For settlement purposes only, the Court preliminarily certifies a Settlement Class defined as follows:

> All individuals who, between May 19, 2017 and April 10, 2023 (the "Class Period"), used the Biometric System at Defendant Ethos Veterinary Health, LLC's facilities within the state of Illinois and whose name appears on the Class List.

> Excluded from the Settlement Class are (1) any Judge or Magistrate presiding over this Action and members of their families, (2) persons who properly execute and file a timely request for exclusion from the Settlement Class, and (3) the legal representatives, successors, or assigns of any such excluded persons.

6.      The Court finds that distribution of the Notice to the proposed Class Members is justified because Plaintiff has shown that the Court will likely be able to (i) approve the Settlement under Rule 23(e)(2), and (ii) certify the proposed class for purposes of settlement.

7.      The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, and adequate, is likely to be approved under Federal Rule of Civil Procedure 23(e)(2) and is in the best interests of the Settlement Class set forth above. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court also finds that the

Settlement Agreement (a) is the result of arm's-length negotiations between experienced class action attorneys; (b) is sufficient to warrant notice of the settlement and the Final Approval Hearing to be disseminated to the Settlement Class; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (d) is not a finding or admission of liability by the Defendant or any other parties.

8.      For settlement purposes only, the Court appoints Sierra Sambolin as the Class Representative.

9.      For settlement purposes only, the Court appoints as Class Counsel:

David Fish
Mara Baltabols
Fish Potter Bolaños, P.C.

10.      The Court appoints Analytics Consulting LLC as the Settlement Administrator to perform all duties described in the Settlement Agreement and ordered by this Court.

11.      The Court finds that distribution of the proposed Notice of Class Action Settlement ("Notice") by mail and establishment of a settlement website is the best practicable means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement and the Final Approval Hearing to all persons affected by or entitled to participate in the Settlement, in full compliance with the notice requirements of Fed. R. Civ. P. 23, due process, the Constitution of the United States, and other applicable laws. The proposed Notice is accurate, objective, and informative. It provides Class Members with the information necessary to evaluate the fairness of the Settlement and to make an informed decision regarding whether to participate in the Settlement.

12.     Any person who would otherwise be a Settlement Class Member may request to be excluded from the Settlement by submitting a written request for exclusion to the Settlement Administrator as described in the Notice by _____[45 days from Notice date].

13.     Any person who would otherwise be a Settlement Class Member who timely and validly excludes himself or herself from the Settlement will not be entitled to any recovery under the Settlement and will not be bound by the Settlement or have any right to object, appeal, or comment on it.

14.     Any Class Member who does not request to be excluded from the Settlement may object to the Settlement by filing an objection to the Court and submitting a written statement to Counsel for Parties with a copy to the Settlement Administrator as described in the Notice by _____[45 days from Notice date].

15.     Settlement Class Counsel shall file a motion for attorney fees, litigation costs, settlement administration costs, and the Class Representative's Service Award ("Fee Petition") no later than _____.

16.     Settlement Class Counsel shall file a motion for final approval of the Settlement no later than _____. The motion for final approval shall include copies of any objections submitted and identify any Settlement Class Members who have requested to be excluded from the Settlement.

17.     The Court schedules a Final Approval Hearing for _____, **2023 at 9:00 a.m.** in Courtroom 1441 of the Everette McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604, to be held via phone conference or other remote means, unless otherwise ordered by the Court, to consider, among other things, (1) whether to finally certify the Settlement Class for settlement purposes only and finally approve the Settlement; (2) whether to

approve Class Counsel's request for attorney fees and litigation costs; (3) whether to approve the Settlement Administrator's costs; and (4) whether to approve the Class Representative's request for an Service Award. Settlement Class Members may, but are not required to, appear at the Final Approval Hearing and request to speak in favor or against the Settlement.

18.     The Final Approval Hearing may be postponed, adjourned, transferred, or continued by order of the Court without further notice to Settlement Class Members. At or following the Final Approval Hearing, the Court may enter a Final Judgment approving the Settlement and entering a Final Approval Order in accordance with the Settlement that adjudicates the rights of all Settlement Class Members.

Entered: _____          _____
                                          Hon. Mary M. Rowland

4854-0637-6282.6

5

# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SIERRA SAMBOLIN, *individually and on behalf of all others similarly situated*, | |
| *Plaintiff,* | Case No.: 22-cv-03276 |
| v. | Hon. Mary M. Rowland |
| Ethos Veterinary Health, LLC d/b/a Premier Veterinary Group, | |
| *Defendant,* | |
| CUBEX, LLC, | |
| *Respondent in Discovery.* | |

## FINAL APPROVAL ORDER AND JUDGMENT

This matter having come before the Court on Plaintiff's Unopposed Motion and Memorandum in Support of Final Approval of Class Action Settlement of the above-captioned matter (the "Action") between Plaintiff SIERRA SAMBOLIN ("Plaintiff"), and ETHOS VETERINARY HEALTH, LLC d/b/a PREMIER VETERINARY GROUP ("Defendant") (collectively, "the Parties"), as set forth in the Class Action Settlement Agreement, between Plaintiff and Defendant (the "Settlement Agreement"), due and adequate notice having been given to the Settlement Class, and the Court having considered the papers filed and proceedings in this matter, and being fully advised in the premises,

IT IS HEREBY ORDERED:

1.      Capitalized terms not otherwise defined in this Final Approval Order are defined in the Parties' Settlement Agreement.

2.      The Court-approved Notice of Class Action Settlement ("Notice") was distributed by the Settlement Administrator, Analytics Consulting LLC, to Settlement

1

Class Members by direct mail. The Parties also established a publicly-available settlement website with the Notice, Settlement Agreement, and Preliminary Approval Order. The Notice and the methods of distribution satisfy due process, the requirements of Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, and constitute the best notice practicable under the circumstances.

3.      [Number] persons who would otherwise be part of the Settlement Class submitted timely and valid requests for exclusion from the Settlement in accordance with the Notice procedures.

4.      [Number] Settlement Class Members submitted timely objections to the Settlement in accordance with the Notice procedures.

5.      For settlement purposes only, the Court grants final certification of the class that the Court preliminarily certified for settlement purposes in its Preliminary Approval Order. The Class is defined as follows:

> All individuals who, between May 19, 2017 and April 10, 2023 (the "Class Period"), used the Biometric System at Defendant Ethos Veterinary Health, LLC's facilities within the state of Illinois and whose name appears on the Class List.

> Excluded from the Settlement Class are (1) any Judge or Magistrate presiding over this Action and members of their families, (2) persons who properly execute and file a timely request for exclusion from the Settlement Class, and (3) the legal representatives, successors or assigns of any such excluded persons.

6.      The Court finds the settlement memorialized in the Settlement Agreement and filed with the Court is fair, reasonable, and adequate, and in the best interests of Settlement Class Members. The Court finds that: (a) the strength of the Settlement Class Representative and Settlement Class Members' claims weighed against the Defendant's

defenses and the complexity, length and expense of further litigation support approval of the Settlement; (b) the Gross Settlement Fund as set forth in the Settlement Agreement is a fair, reasonable, and adequate settlement of the claims; (c) the Settlement was reached pursuant to arm's-length negotiations between the Parties' counsel; (d) the support for the Settlement expressed by Settlement Class Counsel, who have significant experience representing parties in complex class actions, including those involving Biometric Information Privacy Act claims, weighs in favor of approval of the Settlement; (e) [the absence of any objections to the Settlement by Settlement Class Members supports approval of the Settlement]; and (f) the Action has progressed to a stage where the Court and the parties could evaluate the merits of the case, potential damages, and the probable course of future litigation.

7.     The Parties and the Settlement Administrator are ordered to comply with the terms of the Settlement Agreement.

8.     The Court awards $_____ to the Settlement Administrator, Analytics Consulting LLC, for its work administering the Settlement, which is payable from the Gross Settlement Fund as described in the Settlement Agreement.

9.     The Court awards Settlement Class Counsel $_____ in attorney fees and $_____ in litigation costs, which are payable from the Gross Settlement Fund as described in the Settlement Agreement.

10.     The Court awards Settlement Class Representative Sierra Sambolin $_____ as a Service Award, which is payable from the Gross Settlement Fund as described in the Settlement Agreement.

11.     Upon the Effective Date, each Settlement Class Member who has not been excluded from the Settlement, shall be deemed to have granted the releases set forth in section VII of the Settlement Agreement.

12.     If the Settlement Agreement and the Final Approval Order and Judgment are reversed, vacated, or modified in any material respect, the Settlement Agreement and this Order and Judgment shall have no force or effect and will not be binding upon any Party.  In any such event, the Parties shall be restored, without waiver, to their respective positions as of the date the Settlement Agreement was executed; the litigation shall proceed as though the Settlement Class had never been certified; and any amount paid by Defendant to fund the settlement shall be returned to the Defendant, less any costs incurred by the Settlement Administrator for issuing the Notice.

13.     This matter is dismissed with prejudice against Defendant Ethos Veterinary Health, LLC d/b/a Premier Veterinary Group.


Entered: _____          _____
                                                                      Hon. Mary M. Rowland

4860-2326-6650.6