IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SIERRA SAMBOLIN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ETHOS VETERINARY HEALTH, LLC d/b/a Premier Veterinary Group,<br><br>Defendant. | Case No. 22-cv-03276<br><br>Hon. LaShonda A. Hunt |

**FINAL APPROVAL ORDER AND JUDGMENT**

This matter having come before the Court on Plaintiff's Unopposed Motion and Memorandum in Support of Final Approval of Class Action Settlement of the above-captioned matter (the "Action") between Plaintiff SIERRA SAMBOLIN ("Plaintiff"), and ETHOS VETERINARY HEALTH, LLC d/b/a PREMIER VETERINARY GROUP ("Defendant") (collectively, "the Parties"), as set forth in the Class Action Settlement Agreement, between Plaintiff and Defendant (the "Settlement Agreement"), due and adequate notice having been given to the Settlement Class, and the Court having considered the papers filed and proceedings in this matter, and being fully advised in the premises,

IT IS HEREBY ORDERED:

1. Capitalized terms not otherwise defined in this Final Approval Order are defined in the Parties' Settlement Agreement.

2. The Court-approved Notice of Class Action Settlement ("Notice") was distributed by the Settlement Administrator, Analytics Consulting LLC, to Settlement

Class Members by direct mail. The Parties also established a publicly-available settlement website with the Notice, Settlement Agreement, and Preliminary Approval Order. The Notice and the methods of distribution satisfy due process, the requirements of Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, and constitute the best notice practicable under the circumstances.

3. No persons who would otherwise be part of the Settlement Class submitted timely and valid requests for exclusion from the Settlement in accordance with the Notice procedures.

4. No Settlement Class Members submitted timely objections to the Settlement in accordance with the Notice procedures.

5. For settlement purposes only, the Court grants final certification of the class that the Court preliminarily certified for settlement purposes in its Preliminary Approval Order. The Class is defined as follows:

> All individuals who, between May 19, 2017 and April 10, 2023 (the "Class Period"), used the Biometric System at Defendant Ethos Veterinary Health, LLC's facilities within the state of Illinois and whose name appears on the Class List.

Excluded from the Settlement Class are (1) any Judge or Magistrate presiding over this Action and members of their families, (2) persons who properly execute and file a timely request for exclusion from the Settlement Class, and (3) the legal representatives, successors or assigns of any such excluded persons.

6. The Court finds the settlement memorialized in the Settlement Agreement and filed with the Court is fair, reasonable, and adequate, and in the best interests of Settlement Class Members. The Court finds that: (a) the strength of the Settlement Class Representative and Settlement Class Members' claims weighed against the Defendant's

1

defenses and the complexity, length and expense of further litigation support approval of the Settlement; (b) the Gross Settlement Fund as set forth in the Settlement Agreement is a fair, reasonable, and adequate settlement of the claims; (c) the Settlement was reached pursuant to arm's-length negotiations between the Parties' counsel; (d) the support for the Settlement expressed by Settlement Class Counsel, who have significant experience representing parties in complex class actions, including those involving Biometric Information Privacy Act claims, weighs in favor of approval of the Settlement; (e) the absence of any objections to the Settlement by Settlement Class Members supports approval of the Settlement; and (f) the Action has progressed to a stage where the Court and the parties could evaluate the merits of the case, potential damages, and the probable course of future litigation.

7. The Parties and the Settlement Administrator are ordered to comply with the terms of the Settlement Agreement.

8. The Court awards $8,000 to the Settlement Administrator, Analytics Consulting LLC, for its work administering the Settlement, which is payable from the Gross Settlement Fund as described in the Settlement Agreement.

9. The Court awards Settlement Class Counsel $103,992.70 in attorney fees and $500.89 in litigation costs, which are payable from the Gross Settlement Fund as described in the Settlement Agreement.

10. The Court awards Settlement Class Representative Sierra Sambolin $7,500 as a Service Award, which is payable from the Gross Settlement Fund as described in the Settlement Agreement.

11. Upon the Effective Date, each Settlement Class Member who has not been excluded from the Settlement, shall be deemed to have granted the releases set forth in section VII of the Settlement Agreement.

12. If the Settlement Agreement and the Final Approval Order and Judgment are reversed, vacated, or modified in any material respect, the Settlement Agreement and this Order and Judgment shall have no force or effect and will not be binding upon any Party. In any such event, the Parties shall be restored, without waiver, to their respective positions as of the date the Settlement Agreement was executed; the litigation shall proceed as though the Settlement Class had never been certified; and any amount paid by Defendant to fund the settlement shall be returned to the Defendant, less any costs incurred by the Settlement Administrator for issuing the Notice.

13. This matter is dismissed with prejudice against Defendant Ethos Veterinary Health, LLC d/b/a Premier Veterinary Group.

Entered: August 15, 2023

*LaShonda A. Hunt*
Hon. LaShonda A. Hunt